In the Matter of **MUTUAL LEASING CORP.**, Bankrupt.
David HUGHES, Trustee, Appellant,

v.

**MIAMI NATIONAL BANK**, Appellee.

No. 28566.

United States Court of Appeals,
Fifth Circuit.

April 10, 1970.

John H. Gunn, Robert E. Venney, Gunn & Venney, Miami, Fla., for appellant.

Howard R. Hirsch, Miami, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such charac-

ter as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].

A smouldering ember from the tragic fire in July 1969 partially destroying the federal courthouse facilities in Miami has burst into a procedural blaze. We take approving note of the fact that while it is unfortunate that this flickering flame of litigation has spread to the magnitude of an appellate fire, our new Summary Calendar procedure enables us to reach the source of the flame quickly and extinguish it before it causes excessive loss in money or time.

The appellant (Trustee) filed objections to the bankruptcy claim of Miami National Bank (Bank) and sought affirmative relief against Bank. The Referee entered an order dispositive of certain disputed issues on July 3, 1969. The Bank thereupon had ten days within which to file a petition for review, Title 11, U.S.C., Section 67(c). With the Referee's office closed Saturday, July 12, and Sunday, July 13, the last day for filing was Monday, July 14, 1969. On Saturday, July 12, 1969, the fire occurred in the United States Post Office and Courthouse Building, Miami, with the result that the public was immediately barred from the fire-gutted and partly destroyed building. The Referee's office was on an upper floor of the building. Persons who attempted to conduct business with the Referee were instructed to mail their papers to the Referee.[1] The Bank's petition for review was ultimately received on July 16 and filed by the Referee on July 17, 1969, three days late.

The district court, considering a motion to dismiss the petition for review on the ground of untimeliness under 67(c)

held that the mailing of the petition on the 15th, its receipt on the 16th, and its filing on the 17th, constituted timely filing within the time requirements of that statute. The Trustee appeals from that holding. We have jurisdiction of the appeal under Title 11, U.S.C., Section 47.

The Trustee argues that the holding is erroneous in three respects. First, he asserts that the ten day requirement of Title 11, U.S.C., Section 67(c), is inelastic and absolute, citing St. Regis Paper Co. v. Jackson, 5 Cir. 1966, 369 F.2d 136. Second, he urges that the court erroneously found that the Bank was prevented by a "force majeure" from filing the petition on July 14, 1969. In the third place the Trustee asserts that the Bank should not be allowed to use the fire as an excuse for failure in timely filing because it waited until the last day to file. We reject the Trustee's contentions and affirm.

■■ We agree of course with the holding of *St. Regis*, supra, that Title 11, U.S.C., Section 67(c) is inelastic and that a petition for review must be filed within the ten day period to prevent finality of the Referee's order. Such a rule does not however preclude the tolling of the time limitation if the party is fairly and in fact prevented from complying by circumstances completely beyond his control. In the present case there is sufficient evidence from which the trial court could conclude that the fire prevented the Bank's meeting the statutory filing deadline, and further that the filing was made as soon as was reasonably possible after the event.

■■ We consider the third contention—that the Bank should not be allowed to use the fire as an excuse for filing late because it waited until the last day to file—to be without serious substance. The Bank was entitled to use the time until the last day to prepare and file its petition. Its counsel had the petition ready to file and sought to file it on

---

1. Counsel for the Bank tried several times on Monday to telephone the Referee's office. On the third or fourth attempt the call was answered and instructions were given to mail the papers to the Referee.

Monday, July 14, the last permissible day. We should not require the Bank to have prescient powers and anticipate the unfortunate fire. The order denying the motion to dismiss the petition for review was correct.

Affirmed.