**In the Matter of SCHEID'S, INC., Bankrupt.**

**No. 71–397.**

United States District Court,
E. D. Pennsylvania.

April 6, 1972.

Laputka, Bayless, Ecker & Cohn, Hazleton, Pa., for Peoples First Nat. Bank & Trust.

Wexler, Weisman, Maurer & Forman, Philadelphia, Pa., for Trustee.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On January 21, 1970, Scheid's, Inc. (the Debtor) borrowed $40,000 from People's First National Bank and Trust Company of Hazleton, Pennsylvania (the Bank), for which the Debtor gave its collateral note in the same amount to the Bank. On the following day, the Debtor gave the Bank a security interest in "All Accounts Receivable in Bulk Held by all wholesale and retail customers of the Debtor herein named * * * together with all equipment, parts, accessories, attachments, additions, and other goods, and all replacements thereof, now or hereafter installed in, affixed to or used in connection with said property." The Bank, thereafter, filed copies of the Security Agreement. In the liquidation bankruptcy proceeding which followed, the Bank filed a claim for the sum of $26,009.61 as a secured debt. The trustee filed objections on three grounds: (1) that the Proof of Claim was insufficient on its face; (2) that the Security Agreement does not cover accounts receivable; and (3) that the only security interest created, if any, by the security agreement was in the Debtor's accounts receivable existing on January 22, 1970, the date the agreement was executed by the Debtor. On January 17, 1972, the referee issued an order sustaining the trustee's objection to the allowance of the Bank's claims as a secured claim, from which the Bank filed this petition for review.

The petition for review, however, was not filed until January 28, 1972, eleven days after entry of the referee's order. Thus, before we can reach the merits, a threshold question arises as to whether the referee's order has become final. Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), provides, in pertinent part, as follows:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court *upon peti-tion filed within such ten-day period* may for cause shown allow, file with the referee a petition for review of such order by a judge * * * *un-less the person aggrieved shall peti-tion for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.*" (Emphasis added)

The ten-day filing requirement of Section 39(c) is mandatory and inelastic, thus precluding any discretion on the part of the Court to consider petitions filed after the ten-day period has expired. St. Regis Paper Co. v. Jackson, 369 F.2d 136 (5th Cir. 1966); In Re Friedman & Belack, Inc., 248 F.Supp. 961 (E.D.Pa.1965).

The Bank concedes that Section 39(c) is inelastic, but argues that it does not preclude the tolling of the time limitation if a party is prevented from complying with the ten-day requirement, by circumstances completely beyond his control, citing In Re Mutual Leasing Corp., 424 F.2d 999 (5th Cir. 1970). In *Mutual Leasing,* the Fifth Circuit decided that a fire partially destroying the federal courthouse constituted such extenuating circumstances as to toll the time limitation. In the instant case, the Bank argues that the fact that the petition was deposited in the mail on January 26, 1972, but was not delivered until January 28, 1972, constitutes sufficient grounds to toll the ten-day requirement. We agree with the referee that the Bank, having chosen to transmit the petition by mail service, assumed the risk of an untimely delivery and filing of its petition. It is well established that an appeal must be filed within the prescribed time period, and that this requirement is not met by merely depositing the papers in the mail within the time allowed. Ward v. Atlantic Coast Line R. Co., 265 F.2d 75 (5th Cir. 1959); Poynor v. Comm'n. of Internal Revenue, 81 F.2d 521 (5th Cir. 1936). Accordingly, the petition for review will be dismissed.