609 F.2d 815
 5 Bankr.Ct.Dec. 1357, Bankr. L. Rep. P 67,324
 In the Matter of BAD BUBBA RACING PRODUCTS, INC., Bankrupt.
BAD BUBBA RACING PRODUCTS, INC., Appellant,
v.
Fred HUENEFELD, Jr., Trustee, Appellee.
In the Matter of Paula E. PLANELLS, Bankrupt.
Paula E. PLANELLS, Appellant,
v.
Fred HUENEFELD, Appellee.
 No. 79-2193
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 10, 1980.
 
 Donald J. Robinson, pro se.
 Paula E. Planells, pro se.
 Gerald H. Schiff, Opelousas, La., for appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue is whether an appeal is perfected by the act of mailing the notice of appeal within the time for appeal even though the notice is not received or filed until after the time for filing notice has expired. It is raised by a bankrupt corporation contesting the dismissal by the district court of its appeal of orders entered in bankruptcy proceedings. The orders were entered by the bankruptcy judge on June 8, 1978 in open court with all the parties present. Notice of entry of judgment was mailed to the parties in interest on June 9. The bankrupt mailed a notice of appeal on June 19, but it was not received and filed until June 21.
 
 
 2
 The Bankruptcy Act, 11 U.S.C. § 67(c)[1] and Rules 801(a) and 802(a) of the Rules of Bankruptcy Procedure[2] require that a notice of appeal be filed within ten days of the date of entry of an order. This ten-day filing period has been held to be mandatory. St. Regis Paper Co. v. Jackson, 5 Cir. 1966, 369 F.2d 136. The Advisory Committee's Note to Rule 802 states that the rule is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure, which governs the time limits of civil appeals. In interpreting these time limits, we have recognized the "well-established" principle that the time limit for an appeal is jurisdictional and that deposit of notice in the mail is not equivalent to filing it. Ward v. Atlantic Coast Line Railroad Co., 5 Cir. 1959, 265 F.2d 75, 80, Rev'd on other grounds, 1960, 362 U.S. 402, 80 S.Ct. 789, 4 L.Ed.2d 820. We see no reason to depart from this principle in the context of bankruptcy proceedings, and agree with the court in In Re Scheid's, Inc., E.D.Pa.1972, 342 F.Supp. 290, 291, that, "having chosen to transmit the petition by mail service, (the bankrupt) assumed the risk of an untimely delivery and filing of its petition."[3] Contra Matter of Pigge, 4 Cir. 1976, 539 F.2d 369. We therefore conclude that the controlling date is that on which an appeal is filed rather than that on which it is mailed.
 
 
 3
 For the above reasons, we hold that the notice of appeal was not timely filed and AFFIRM the district court order dismissing the appeal.[4]
 
 
 
 *
 Fed.R.App.P. 34(a); 5 Cir. R. 18
 
 
 [1]
 11 U.S.C. § 67(c) states in part:
 (c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.
 
 
 [2]
 Rule 801(a) states in part:
 (a) Manner of Taking Appeal. An appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal with the referee within the time allowed by Rule 802.
 Rule 802(a) states in part:
 (a) Ten-Day Period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from.
 
 
 [3]
 This case is unlike the situation presented in In Re Mutual Leasing Corp., 5 Cir. 1970, 424 F.2d 999, in which a bank was instructed by telephone to mail the petition for review due to the partial destruction by fire of the courthouse. Even though the petition for review was received after the deadline, the court ruled that, because of the unusual circumstances over which the bank had no control, the appeal was timely filed
 
 
 [4]
 The trial judge also concluded that the appeal should be dismissed because the bankrupt corporation was not represented by an attorney duly authorized to appear in the United States District Court, Western District of Louisiana. We do not reach the issue whether the general rule that a corporation can appear in court only through an attorney may be modified in bankruptcy cases. See Matter of Holliday's Tax Services, Inc., E.D.N.Y.1976, 417 F.Supp. 182, in which the court allowed a departure from the general rule