**In the Matter of INWOOD REALTY COMPANY, a partnership, Debtor.**

**Bankruptcy No. 76 B 1301.
No. 79 Civ. 6541 (WCC).**

United States District Court,
S. D. New York.

May 13, 1980.

Schwartz & Sachs, P. C., Carle Place, N. Y., for debtor-appellee.

Irwin S. Lampert, Goshen, N. Y., for creditor-appellant; Gary B. Sachs, Carle Place, N. Y., of counsel.

## OPINION AND ORDER

CONNER, District Judge.

This is an appeal from a determination by Bankruptcy Judge Joel T. Lewittes that appellant is an unsecured creditor of the debtor-appellee. Presently before the Court is appellee's motion to dismiss appellant's notice of appeal on the ground that it was untimely filed.

The following facts are undisputed except as otherwise indicated. In an Opinion dated September 28, 1979, Judge Lewittes held that appellant is an unsecured creditor. The Opinion directed the parties to settle an order on three days' notice in conformity with the Opinion and such an order was signed by Judge Lewittes and docketed by the Clerk on October 12, 1979. Counsel for appellant received a conformed copy of that order on October 16, 1979 and on October 18, 1979, he mailed a notice of appeal, together with the requisite filing fee, to the Court. Appellant's attorney states that he also mailed a copy of the notice of appeal to appellee's attorney, although appellee's attorney states that he did not receive a copy of the notice of appeal from appellant until sometime in mid-November. The notice of appeal was received and filed by the Court on October 23, 1979; eleven days after entry of Judge Lewittes' order and just one day beyond the prescribed ten-day period for filing a notice of appeal from an order of a bankruptcy judge under 11 U.S.C. § 67(c)[1] and Rules 801(a) and 802(a) of the Rules of Bankruptcy Procedure ("R.B.P.").[2] Thereafter, on November 7, 1979, counsel for appellee prepared a notice of motion to dismiss the notice of appeal; appellant received a copy of the motion on November 8, 1979. Appellee's motion to dismiss the notice of appeal was docketed in this Court on November 14, 1979. One day later, on November 15, 1979, appellant filed with Judge Lewittes a motion for a *nunc pro tunc* extension of time to file a notice of appeal under Rule 802(c), R.B.P., on the ground that the notice of appeal was filed one day late due to "excusable neglect." On December 5, 1979, Judge Lewittes denied appellant's motion, ruling (1) that even assuming that the notice of appeal was untimely filed due to excusable neglect, appellant's request for a *nunc pro tunc* extension of time was itself untimely since the application was filed beyond the time limit for requesting such an extension under Rule

1. 11 U.S.C. § 67(c) states in part:

"(c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Unless the person aggrieved shall petition for review of such order within such· ten-day period, or any extension thereof, the order of the referee shall become final."

2. Rule 801(a) states in part:

"(a) *Manner of Taking Appeal.* An appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal with the referee within the time allowed by Rule 802."

Rule 802(a) states in part:

"(a) *Ten-Day Period.* The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from."

802(c); and (2) that appellant's ignorance of the rules, *i. e.,* appellant's counsel's misconception that the notice of appeal was deemed effective from October 18, 1979, the date it was mailed, rather than October 23, 1979, the date it was docketed, "clearly does not comprehend 'excusable neglect.'"

Appellee argues that the ten-day limitation for filing a notice of appeal is jurisdictional; that appellant's notice of appeal was filed one day too late, and thus that this Court is without jurisdiction to hear the appeal. Appellant argues that the notice of appeal was "filed" within the meaning of Rules 801 and 802 on October 18, 1979, the date it was mailed; he relies on Rule 906(e), R.B.P., which provides that "service or notice by mail is complete upon mailing." Moreover, appellant alleges that it was reasonable for him to presume that a letter mailed on October 18 from Goshen, New York, where appellant's counsel is located,[3] would arrive in New York City on or before October 22, 1979: "[t]here can be no question that the appellant has done everything within reason to see that the notice of appeal would reach the Court by October 22, 1979 and, in fact, it should have. Mails from Goshen, New York to New York City normally take one day (certainly two at the most), but for it to take more than five (5) days is most unusual."

**1. No Timely Filing Within the Ten-Day Period**

Rule 803, R.B.P., provides that "unless a notice of appeal is filed as prescribed in Rules 801 and 802, the judgment or order of the referee shall become final." Failure to timely file a notice of appeal is jurisdictional; it deprives the Court of jurisdiction to entertain the merits of appellant's claim. See, *e. g., Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir. 1980); *In re W. T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y.1976), *aff'd without opinion,* 559 F.2d 1206 (2d Cir. 1977). Should appellant's argument that pursuant to Rule 906(e) the notice of appeal was "filed" on October 18—the day it was

mailed—have merit, this Court is vested with jurisdiction to hear the appeal.

In his Opinion of December 5, 1979, Judge Lewittes stated that:

"It is clear, however, that Bankruptcy Rule 906(e), which provides that service or notice by mail is complete upon mailing, is not applicable to the *filing* of a notice of appeal.

It is well settled that 'mailing alone does not constitute filing, but that filing requires delivery and receipt by a proper party.' *In re Nim[z] Transportation[,] Inc.,* 505 F.2d 177, 179 (7th Cir. 1974) (*citing United States v. Lombardo,* 241 U.S. 73 [, 36 S.Ct. 508, 60 L.Ed. 897] [1916]). *Cf. In re [Brill],* 52 F.2d 636 (S.D.N.Y.) *aff'd per curiam* 52 F.2d 639 (2d Cir. 1931). See also Fed.R.App.P. 25(a)."

Recently, two circuit courts have also held that a notice of appeal is filed on the day that it is docketed with the Court, rather than on the day that it is mailed. *Matter of Bad Bubba Racing Products, Inc.,* 609 F.2d 815 (5th Cir. 1980); *Matter of Ramsey, supra.* See also *In re Harnik,* 207 F.Supp. 325, 332 (W.D.Ark.1962). In *Matter of Bad Bubba,* the Fifth Circuit dismissed a notice of appeal which was mailed on the tenth day after entry of the order being appealed from and which was received and filed by the Court two days thereafter, reasoning that:

"[the] ten-day filing period has been held to be mandatory. *St. Regis Paper Co. v. Jackson,* 5 Cir. 1966, 369 F.2d 136. The Advisory Committee's Note to Rule 802 states that the rule is an adaption of Rule 4(a) of the Federal Rules of Appellate Procedure, which governs the time limits of civil appeals. In interpreting these time limits, we have recognized the 'well-established' principle that the time limit for an appeal is jurisdictional and that deposit of notice in the mail is not equivalent to filing it. *Ward v. Atlantic Coast Line Railroad Co.,* 5 Cir. 1959, 265 F.2d 75, 80, *rev'd on other grounds,* 1960, 362

---

**3.** This bankruptcy proceeding was originally pending before Judge R. Lewis Townsend in Poughkeepsie, New York, and was transferred

to this district after he recused himself from hearing this matter.

U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820. We see no reason to depart from this principle in the context of bankruptcy proceedings, and agree with the court in *In re Scheid's, Inc.,* E.D.Pa.1972, 342 F.Supp. 290, 291, that, 'having chosen to transmit the petition by mail service, [the bankrupt] assumed the risk of an untimely delivery and filing of its petition.'" (footnote omitted).

The Fourth Circuit held to the contrary in *Matter of Pigge,* 539 F.2d 369 (4th Cir. 1976); however, this Court rejects the Fourth Circuit's rule for two reasons. First, the Court did not explain why it deemed Rule 906(e) applicable to a filing of a notice of appeal under Rules 801 and 802. Second, the language of Rule 906(e) does not support the Fourth Circuit's position: the rule provides only that "service or notice by mail" is complete upon mailing; it does not address, and therefore does not amend, the general rule that *filing* of a notice of appeal is complete only upon delivery to the Court.

█ The decisions appellant relies on for the proposition that a mailed document is presumed to arrive within a reasonable period after it is mailed, see *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *In re Nimz Transportation, Inc., supra; Charlson Realty Co. v. United States,* 384 F.2d 434, 181 Ct.Cl. 262 (1967); *Jones v. United States,* 226 F.2d 24 (9th Cir. 1955); *Hetman v. Fruit Growers Express*

*Co.,* 200 F.Supp. 234 (D.N.J.1961), are inapposite. Those cases hold either that merely because a document mailed to the Court was never docketed does not establish that it was never sent, *Hagner, supra; In re Nimz Transportation, Inc., supra; Jones, supra*; or that the fact that a letter was marked received on a particular date by court personnel does not rule out the possibility that it was actually received prior to that date but was not immediately processed, *Charlson Realty Co. v. United States, supra.* In this case, appellant does not dispute that the notice of appeal was received by the Court on October 23. Thus appellant's notice of appeal became effective on October 23, 1979, eleven days after the entry of Judge Lewittes' order and is thus untimely unless appellant filed a seasonable request for an extension of time with Judge Lewittes.[4]

2. Extension of Time Under Rule 802

Rule 802(c) provides:

"*Extension of Time for Appeal.* The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted

---

4. The Fifth Circuit has stated that although the ten-day time limit is jurisdictional, it may be tolled "if the party [who filed the otherwise untimely notice of appeal] is fairly and in fact prevented from complying by circumstances completely beyond his control." *In re Mutual Leasing Corp.,* 424 F.2d 999, 1000 (5th Cir. 1970). In that case a fire destroyed much of the courthouse and the petitioner called the Clerk who instructed him to mail the notice. The court concluded that tolling was appropriate since the petitioner was prevented from delivering the notice to the Clerk by reason of the fire.

Appellant contends that such tolling would be appropriate in this case. He states that "[i]t was subsequently discovered that the closing of the Morgan Branch Post Office had created unusual delays in the mail to the Court which could not reasonably be anticipated. The clos-

ing of the Morgan Branch Post Office could be deemed unusual circumstances as in the *Mutual Leasing* case." However, the facts in this case are easily distinguishable from those in *Mutual Leasing.* In the latter case, petitioner was prevented from delivering his papers to the courthouse because of the fire. Here, appellant, by a phone call, could have ascertained from the Clerk on October 22 that the notice of appeal had not been delivered and after being notified that no notice of appeal had been docketed, appellant could have arranged for a copy of the original notice of appeal to be docketed or have timely requested an extension of time from Judge Lewittes. The Court concludes *Mutual Leasing* does not support a tolling of the ten-day time limitations on these facts. See also *In re Harnik,* 207 F.Supp. 325 (W.D. Ark.1962).

upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

Appellant did not apply for an extension of time within ten days of the October 12 order; thus appellant's notice of appeal was untimely filed unless within 30 days after entry of the October 12 order, appellant moved for an extension of time based upon a showing that its late filing was due to "excusable neglect." If no such application was made within that time, the bankruptcy court was without jurisdiction to grant an extension of time.

In his Opinion dated December 5, Judge Lewittes held that since appellant's Rule 802(c) motion was not made until 34 days after entry of the October 12 order, he was without jurisdiction to entertain appellant's motion. Judge Lewittes did not consider whether appellant's notice of appeal dated October 23, 1979, just eleven days after entry of the October 12 order, and thus timely under Rule 802(c) should "excusable neglect" be found, can be treated, for purposes of the time limits under that rule, as a motion for an extension of time. The Court has reviewed several recent decisions involving appeals from bankruptcy orders wherein a court dismissed a notice of appeal filed within 30 days after entry of the order being appealed from to determine whether such an untimely appeal can be treated as a motion for an extension of time, see, *e. g.*, *Martin v. First National Bank*, 573 F.2d 958 (6th Cir. 1978); *Matter of Ramsey, supra*; however, those decisions either do not consider this possibility, see *e. g., Matter of Ramsey, supra*, or decide that such a motion would have been denied because the appellant could not have established excusable neglect as a matter of law, see *Martin, supra*. Thus, the Court has looked to decisions interpreting Rule 4(a) of the Federal Rules of Appellate Procedure for guidance since Rule 802(c) is derived from Rule 4 and its predecessor Rule 73, F.R.Civ.P. *Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028 (9th Cir. 1979); *Matter of Morrow*, 564 F.2d 189 (5th Cir. 1977); 13 Collier *On Bankruptcy* ¶ 802.02 (14 ed. 1977).

Under Rule 4(a), a party generally has thirty days to file a notice of appeal from a judgment or order of a district court; upon a showing of excusable neglect, the district court may extend the time for such a filing, either before or after the initial thirty days has run, for an additional period of up to thirty days. Although the early decisions interpreting Rule 4(a) established the rule that a motion for an extension of time addressed to the district court must be both filed and ruled on by the district court prior to the expiration of the second thirty-day period, more recent decisions have taken the position that if a notice of appeal is filed within the thirty-day period following the time for appeal, the district court may in effect validate the notice of appeal after the expiration of the second thirty-day period. 9 Moore's Federal Practice ¶ 204.13 at 976. Thus, under certain circumstances, a party may make a motion to extend the time for appeal on the basis of excusable neglect after the expiration of the maximum extension period if the appellant filed a notice of appeal during that period. *Id.* So, for example, in *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975), appellant's representatives were instructed to file notices of appeal on a specific date and failed to do so. Appellants learned of this only after the period to appeal had run; thus, they filed their notices of appeal forty-one days after entry of the orders appealed from. The Second Circuit held that the notices were untimely under Rule 4(a), which rule is jurisdictional in nature, but that it was not too late for appellants to apply to the district court for an extension of time:

"[T]he filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time be-

cause of excusable neglect. See *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966); *Reed v. People of State of Michigan*, 398 F.2d 800 (6th Cir. 1968). Nothing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension of time to sanction the late filing of a notice of appeal within the second half of the 60-day period, provided a purported notice of appeal has actually been filed within that period. See *C-Thru Products Inc. v. Uniflex, Inc.*, 397 F.2d 952, 954–55 (2d Cir. 1968); *Pasquale v. Finch,* 418 F.2d 627, 629 (1st Cir. 1969)." *Id.* at 1032.

Although the court stated that "we thoroughly disapprove of the careless procedure followed by appellants' counsel, who demonstrated a singular disregard for or ignorance of the pertinent rules," 511 F.2d at 1032, it remanded the action to the district court for the purpose of having that court determine, in its discretion, whether there was excusable neglect entitling appellants to an extension of time *nunc pro tunc* to the date the notices of appeal were actually filed; the Second Circuit stated that if the district court should so find, the appeals would be timely; otherwise, the appeals would be dismissed. *Id.* at 1032–33.

█ In the instant case, the notice of appeal was filed well within the maximum thirty-day limitation period. Thus, should the facts of this case fulfill the *Stirling* criteria, it may still be possible to validate the October 23 notice of appeal. One factor to be considered under *Stirling* is whether appellant has made a *prima facie* showing of excusable neglect. In his December 5 Opinion, Judge Lewittes stated that appellant had made no such showing: "[Appellant's] ignorance of the rules [with respect to its mistaken belief that the notice of appeal was effective as of the date it was mailed,] clearly does not comprehend 'excusable neglect.'" (citations omitted). Judge Lewittes correctly rejected a claim by appellant's attorneys that their ignorance of the rule that a notice of appeal is effective from the date it is filed constitutes excusable neglect. It is clearly established that where legal counsel's "'failure to act was the result either of a failure to understand the law, or of one of those careless omissions to which everyone is indeed subject,'" no exceptional circumstances warranting a finding of excusable neglect are made out. *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 77 (2d Cir. 1978) (grant of extension of time reversed), quoting *Nichols-Morris Corp. v. Morris*, 279 F.2d 81, 83 (2d Cir. 1960) (L. Hand, J.). However, appellant alleges another ground for a finding of excusable neglect which the bankruptcy judge did not consider, the undue delay in mails between Goshen and New York City; appellant alleges that it subsequently learned that this delay in mail distribution was attributable to the temporary closing of the Morgan Branch Post Office in Manhattan.

In *Fase, supra*, 574 F.2d at 76, the Second Circuit stated that:

"[T]he determination of 'whether neglect is excusable depends on the facts of the case at hand and . . . should be determined on the basis of the "common-sense meaning of the two simple words applied to the facts which are developed."' . . . This common sense approach is to be coupled with an awareness that the 'excusable neglect' standard is intended to be a 'strict one' . . . that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, . . . and, finally, that '[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served.'" (citations omitted).

The Committee Note to the Advisory 1966 Amendments to former Rule 73(a)—now Rule 4(a)—gives as an example of a situation in which a district court might extend the time for appeal an unusual and uncontrollable delay in transmission of the notice by mail, see Moore's, *supra*, at 971–72, 974 & n.22. For example, in *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966), appellant's attorney deposited the notice of appeal in a mail box two days prior to the last

day for filing a timely notice. The notice was received thirty-one days from the entry of judgment; just one day late, as in the instant case. The court remanded the case to the district court to determine whether there was excusable neglect, warranting an extension of time.

The Court finds *Evans, supra* and the legislative history interpreting excusable neglect under F.R.A.P. 4(a) to be useful in interpreting the meaning of that phrase under Rule 802(c). Thus the Court will apply the standards for determining whether excusable neglect exists under F.R.A.P. 4(a) to the instant case. See 13 Collier, *supra*, at ¶ 802.07. Appellant's allegation that the late filing was due to an undue delay in mail delivery therefore constitutes a *prima facie* showing of excusable neglect under Rule 802(c). See *In re Plotkin*, 247 F.Supp. 293, 295 (S.D.N.Y.1965) (court stated that "delay in the mails could . . . be relevant on an *application* to extend the time for filing a petition to review" a referee's order).

In addition to determining whether appellant has established excusable neglect, Judge Lewittes should also determine whether appellant has met the other *Stirling* criteria, including whether appellant timely served notice on appellee, which presents a disputed issue of fact. For the foregoing reasons, this action is remanded to Judge Lewittes for a determination whether a *nunc pro tunc* extension of time to file a notice of appeal is warranted. If there is a finding that such an extension is warranted, the appeal will proceed; otherwise, it will be dismissed. In the meantime, action on the motion to dismiss will be suspended.

Lastly, the Court wishes to make very clear that it strongly disapproves of the appellant's counsel's careless manner of handling this matter, as exhibited by his failure to contact the Court on or shortly after October 22, 1979 to ascertain whether the notice of appeal had been delivered; his failure to move for an extension of time before the bankruptcy judge immediately upon learning on November 8 (when a Rule

802(c) motion would still have been timely) of appellee's motion to dismiss the notice as untimely; and his failure, in his brief, to apprise this Court of the relevant case law supporting appellant's position. However, the facts of this case may support a *nunc pro tunc* extension of time and since this Court prefers that, if possible, appellant's claims be heard on the merits, it will remand the action to Judge Lewittes for further proceedings not inconsistent with this Opinion.

SO ORDERED.