**In re SHELDON'S INC. OF MAINE, Debtor.**

**Peter C. FESSENDEN, Esquire, Trustee/Plaintiff,**

v.

**STATE OF MAINE, BUREAU OF TAXATION, Defendant/Third Party Plaintiff,**

v.

**Richard W. OLIVER, Third Party Defendant.**

Bankruptcy No. 282–00015.

Adv. No. 282–0078.

United States Bankruptcy Court, D. Maine.

Nov. 1, 1983.

See also 28 B.R. 568.

Peter C. Fessenden, Brunswick, Me., for plaintiff.

Crombie J.D. Garrett, Asst. Atty. Gen., Augusta, Me., for defendant State of Me.

Thomas Ainsworth, Portland, Me., for defendant Oliver.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this proceeding the defendant, State of Maine, Bureau of Taxation, seeks an extension of time for filing a notice of appeal.

On March 31, 1983, a judgment was entered in this court "that the State of Maine may not impose a sales tax on a court ordered chapter 7 liquidation sale...." A copy of the court's opinion, together with the order, was mailed to James A. Buckley, Asst. Atty. General, Bureau of Taxation, Augusta, Maine 04333, on that date. The appeal period expired on April 11, 1983.

On April 28, 1983, the State moved for an extension of time for filing a notice of appeal. The motion stated that the Attorney General's office has no record of receiving a copy of the opinion or order and that counsel for the State, Crombie J.D. Garrett,

another assistant attorney general, first became aware, on April 19, 1983, that an order had been entered. The court granted the State's motion, without a hearing, on the date it was filed.

On May 3, 1983, Richard W. Oliver, Third-Party Defendant, filed a "Motion for Rehearing" on the State's motion. Attached to Oliver's motion was an affidavit by Oliver's lawyer which states that on April 1, 1983, he notified James A. Buckley, Assistant Attorney General, counsel of record for the State, of the court's opinion and order.

After a hearing on Oliver's motion and after reconsideration of its order, the court concludes that the order entered on April 28, 1983, must be vacated and the State's motion for an extension of time to appeal must be denied.

The debtor, Sheldon's Incorporated of Maine, filed a petition under Chapter 7 of the Bankruptcy Code on January 18, 1982. Pursuant to court authorization, the trustee liquidated the debtor's assets under 11 U.S. C.A. § 363 (1979). Richard Oliver, a registered retailer doing business as an auctioneer, conducted the sale. On the third day of the sale, the State directed Oliver to collect sales tax on the proceeds. Oliver continued the sale, collecting no tax as instructed by the trustee.

When the liquidation was complete, the trustee filed a complaint to determine tax liability under 11 U.S.C.A. § 505 (1979).[1] Thereafter, the defendant State brought both a third party action against Oliver and a counterclaim against the trustee to recover tax on the proceeds of the sale. Oliver crossclaimed against the estate for indemnification if he were found to owe the uncollected tax. On March 28, 1983, this court ruled that the Bureau may not impose sales tax on the proceeds of a court ordered Chapter 7 bankruptcy liquidation sale.

The hearing on Oliver's motion revealed that Buckley was in the office of Oliver's attorney on April 1, 1983, for reasons unrelated to this case. At that time Oliver's counsel informed Buckley of the Bankruptcy Court's ruling. Buckley unfortunately assumed that Oliver's counsel was joking. A few days later, Buckley, although he no longer worked for the Bureau of Taxation, told Clifford Olsen, chief lawyer for the Bureau, about the conversation with Oliver's lawyer. Olsen was not aware of the court's opinion and order, so both continued to believe that Oliver's lawyer was joking. It did not occur to either of them to call the office of the Clerk of the Bankruptcy Court to check. In fact, the Bureau had received copies of the opinion and order, which had been misfiled by personnel in the collection department.

The appeal period for Bankruptcy Cour decisions is ten (10) days under Appellat Rule 3(a)[2] in effect when the Bureau filed its appeal in April 1983. After the appea period has run, the court may extend th appeal period only on a showing of excus ble neglect. Appellate Rule 3(c)[3] Becaus Appellate Rule 3 is an adaptation of Fede al Rule of Appellate Procedure 4(a), ca law interpreting that provision is pe suasive.[4] 13 *Collier on Bankruptcy* ¶ 802.0 at 8–20, and ¶ 802.07[7], at 8–38 and 8– (J. Moore 14th ed. 1977); *In re Inwo Realty Co.,* 4 B.R. 459, 464–465 (D.C.S.D. Y.1980).

---

1. As pertinent, 11 U.S.C. § 505 reads:
   (a)(1) [T]he court may determine the amount or legality of any tax ... whether or not paid....

2. First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels, and Court of Appeals.

3. Appellate Rule 3(c), as pertinent, reads:
   **Extension of Time for Appeal.** The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration the time otherwise prescribed by this rule. request to extend the time for filing a no of appeal must be made before such time expired, except that a request made after expiration of such time may be granted u a showing of excusable neglect....

4. Appellate Rule 3 is modeled after forr Bankruptcy Rule 802, which is similar to Fe al Rule of Appellate Procedure 4(a).

In determining whether neglect is excusable, the court applies the common sense meaning of the words to particular facts. *Gooch v. Skelly Oil Co.,* 493 F.2d 366, 369 (10th Cir.1974), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974) (citation omitted). The standard is a strict one. *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 76 (2d Cir.1978), *citing* Stern, *Changes in the Federal Appellate Rules,* 41 F.R.D. 297, 298–299 (1967). In fact, a finding of excusable neglect is proper only when "circumstances ... are unique or extraordinary." *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), *reh'g denied,* 429 U.S. 988, 97 S.Ct. 513, 50 L.Ed.2d 601 (1976) (citations omitted). Excusable neglect has not been found when a secretary diaried the wrong date for appeal period expiration, *United Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir.1978) (per curiam), when office personnel mishandled the mail, *Pasquale v. Finch,* 418 F.2d 627 (1st Cir.1969), when counsel made a mistake, *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), when counsel was preoccupied with other business, *Pinero Schroeder v. Federal National Mortgage Association,* 574 F.2d 1117 (1st Cir. 1978) (per curiam) when counsel mailed a letter to his client at the wrong address, thereby failing to reach the client, *In re International Coating Applicators, Inc.,* 647 F.2d 121 (10th Cir.1981), or when the notice of appeal was mailed to the wrong bankruptcy court. *In re Ramsey,* 612 F.2d 1220 (9th Cir.1980). *See also State v. One 1977 Blue Ford Pick-up Truck,* 447 A.2d 1226 (Me.1982); *Young v. Sturdy Furniture Co.,* 441 A.2d 320 (Me.1982); *Begin v. Jerry's Sunoco, Inc.,* 435 A.2d 1079 (Me.1981) (Carter, J.) (interpreting M.R.Civ.P. 73(a)). This strict standard has been followed in the United States Bankruptcy Courts. *See, e.g., In re Horn Construction and Maintenance Co.,* 32 B.R. 87 (Bkrtcy.S.D.Ala.1983); *In re Snow,* 23 B.R. 655 (Bkrtcy.E.D.Cal. 1982); *In re Gideon,* 17 B.R. 826 (Bkrtcy.D.

Me.1982); *In re Gertz,* 1 B.R. 183 (Bkrtcy.C. D.Cal.1979).

In this proceeding the evidence does not establish excusable neglect. Although the Bureau received a copy of the court's order, the document was misfiled. A breakdown in office procedures is not the sort of extraordinary event Appellate Rule 3 is intended to cure. Further, Mr. Buckley reported to Chief Counsel Olsen the possibility that the case had been decided. Although this information put the Bureau on notice, no one called the Bankruptcy Court to verify the order's existence. Finally, despite the Bureau's actual knowledge of the order on April 19, 1983, its attorney did not file a motion for extension of time to appeal until April 28, 1983. This nine day delay further militates against a finding of excusable neglect. In sum, the misfiling, the failure to call the court, and the delay in submitting the motion all indicate a lack of ordinary prudence. These circumstances, neither extraordinary nor unavoidable, fail to be excusable as contemplated by Appellate Rule 3(c).

An appropriate order will be entered.