### In re SATELLITE SYSTEMS CORP., Debtor.

### STEPHEN ROSE & PARTNERS, LTD., and Ownen J. McCormack, Appellants,

v.

### TOGUT, SEGAL & SEGAL and Frank Zolfo & Co., Appellees.

Bankruptcy No. 82 B 10844.

No. 86 CIV. 9047 (PKL).

United States District Court, S.D. New York.

May 21, 1987.

Carmen Shang Law Offices, Albany, N.Y. (Christopher Rodriguez, of counsel), for appellants.

Togut, Segal & Segal, Proskauer Rose Goetz & Mendelsohn, New York City (Frank A. Oswald, William M. Vasquez, of counsel), for appellees.

### OPINION AND ORDER

LEISURE, District Judge:

At a hearing on September 15, 1986, the Hon. Cornelius Blackshear, Bankruptcy Judge, considered the applications of Togut, Segal & Segal ("Togut") and Frank Zolfo & Co. ("Zolfo"), appellees herein, for an award of interim fees. Togut was hired by the Chapter 11 Trustee of the estate of Satellite Systems Corp. as counsel of record and Zolfo was hired as the Trustee's accountant. Counsel for Stephen Rose & Partners, Ltd. and Owen J. McCormack, appellants herein, opposed the applications in writing and McCormack appeared at the hearing to voice his objections. Prior to the conclusion of the hearing, Judge Blackshear granted the applications to the extent of 70% of the fees sought. Afterward, Judge Blackshear signed a written Order, dated September 15, 1986, in accordance with his oral ruling. This order was entered on the docket of the bankruptcy court on September 16, 1986.[1] Appellants filed their notice of appeal on October 14, 1986.

---

1. The bankruptcy court clerk's docket includes an entry, dated September 16, 1986 and designated number 26, which states that Judge Blackshear signed an order awarding interim fees to Togut and Zolfo on September 15, 1986. *See* Exhibit 2 to Reply to Appellants' Affirmation in Opposition. Appellants have not offered any evidence to show that the interim fee order was not actually docketed by the bankruptcy court clerk on September 16, 1986. *See* Affirmation in Opposition of Christopher Rodriguez, dated January 20, 1987 (the "Rodriguez Affirmation"), ¶¶ 8–9.

Appellees now move to dismiss the appeal on the ground that the notice of appeal was untimely.

### Discussion

Bankruptcy Rule 8001 requires that a notice of appeal be filed with the clerk of the bankruptcy court within the time allowed by Bankruptcy Rule 8002. Rule 8002(a) requires that the notice of appeal be filed "within 10 days of the date of entry" of the order from which an appeal is sought. *See also* Rule 5003(a) (bankruptcy dockets); 28 U.S.C. § 158(c) (incorporating Rule 8002). In the present case, the ten-day period for filing a notice of appeal began on September 17, 1986 and ended on September 26, 1986. Appellants' notice of appeal was clearly out of time.

The ten-day period for filing a notice of appeal has been strictly construed. *See In re Abdallah,* 778 F.2d 75, 77 (1st Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986); *In re Universal Minerals, Inc.,* 755 F.2d 309, 311 (3d Cir. 1985); *St. Regis Paper Co. v. Jackson,* 369 F.2d 136, 138 (5th Cir.1966); *Matter of Ramsey,* 612 F.2d 1220, 1221–22 (9th Cir. 1980); *Matter of Inwood Realty Co.,* 4 B.R. 459, 462 (S.D.N.Y.1980). Since the 10–day time limit is jurisdictional, failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order or judgment. *See Abdallah,* 778 F.2d at 77; *Universal Minerals,* 755 F.2d at 312; *Matter of Robinson,* 640 F.2d 737, 738 (5th Cir.1981); *In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir.1982); *Ramsey,* 612 F.2d at 1222; *Inwood Realty Co.,* 4 B.R. at 461; *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D. N.Y.1976), *aff'd,* 559 F.2d 1202, 1206 (2d Cir.1977). *Cf.* Bankruptcy Rule 8001

("Failure of an appellant to take any step *other than* the timely filing of a notice of appeal does not affect the validity of the appeal. . . .") (emphasis added). The Advisory Committee Note to Bankruptcy Rule 8002 explains that a 10–day period "is specified in order to obtain prompt appellate review, often important to the administration of a case under the Code." In accordance with this express policy, the Court finds that dismissal of the instant appeal is warranted.[2]

Togut and Zolfo correctly note that appellants failed to take advantage of Bankruptcy Rule 8002(c), which provides for extension of the time for appeal upon motion to the bankruptcy court. "A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. . . ." Rule 8002(c). No showing of excusable neglect would have been possible in the instant case because McCormack attended the September 15 hearing on the fee applications. At the hearing, Judge Blackshear orally made the ruling which he subsequently committed to writing. *See* Appellees' Memorandum at 9–10 (citing tr. at 29). Judge Blackshear even informed the parties that his order was appealable to the district court. *See id.* at 9 (citing tr. at 23).

Appellants argue that McCormack searched the case file in the office of the bankruptcy court clerk on at least two occasions after September 15, 1986, but was unable to find a copy of Judge Blackshear's interim fee order until October 14, 1986. *See* Rodriguez Affirmation, ¶ 7; Affidavit of Owen J. McCormack, unsigned and un-

---

**2.** Appellees have also argued that the appeal must be dismissed because the interim fee order is not a "final judgment, order or decree" within the meaning of Bankruptcy Rule 8001. *See* Memorandum of Law in Support of Motion to Dismiss ("Appellees' Memorandum") at 14–15. The Court notes that this position appears to be in conflict with the view of Judge Blackshear, *see id.* at 9 (citing transcript of September 15, 1986 hearing (hereinafter referred to as "tr.") at 23). *See, e.g., In re Texas Extrusion Corp.,* 68

B.R. 712, 717 (N.D.Tex.1986). The result herein would not be altered if Judge Blackshear's order were considered non-final, however. An appeal from an interlocutory order of a bankruptcy judge must be taken within the 10–day time limit. *See* Bankruptcy Rule 8001(b) (incorporating prescription of Rule 8001(a), which refers to 10–day period allowed by Rule 8002). *Cf.* Rule 8003(c) ("If a required motion for leave to appeal is not filed, but a notice of appeal is *timely* filed. . . .") (emphasis added).

dated, ¶¶ 2–5.[3] The Court notes that this is not the first occasion on which appellants have alleged that they were frustrated by records supposedly missing from the clerk's office. *See* Reply To Appellants' Affirmation in Opposition, ¶ 14 (citing tr. at 16–17). Judge Blackshear has previously dismissed a similar assertion as inaccurate. *See id.* In any event, Bankruptcy Rule 9022 provides that "[l]ack of notice of the entry [of the order by the clerk] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." In view of McCormack's actual notice of Judge Blackshear's order, appellants' reliance on the allegation of an incomplete case file is particularly misconceived.

Accordingly, the motion to dismiss the appeal is granted.

**SO ORDERED.**

---

**3.** Appellants have submitted no memorandum of law in opposition to the motion to dismiss, and the Rodriguez Affirmation fails to cite a single case authority in support of appellants' position.