In re Harold Paul HERWIT, Debtor.

**Guity DEYHIMY, Appellant,**

v.

**Stephen W. RUPP, Trustee in Bankruptcy, Appellee.**

No. 91–4064.

United States Court of Appeals, Tenth Circuit.

July 7, 1992.

Guity Deyhimy, pro se.

Mona Lyman of McKay, Burton & Thurman, Salt Lake City, Utah, for appellee.

Before ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Appellant Guity Deyhimy appeals from an Order of the district court affirming the bankruptcy court's holding that certain transfers made by debtor Harold Paul Herwit to Ms. Deyhimy were preferential and voidable, *see* 11 U.S.C. §§ 547, 548. We do not address the merits of this appeal, because we conclude the district court lacked jurisdiction to consider the appeal from the judgment of the bankruptcy court.[1]

The bankruptcy court entered its judgment on October 1, 1990. Ms. Deyhi-

---

* Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation.

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

my filed her notice of appeal on October 12, 1990, eleven days later.[2]

■ Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed within ten days of the bankruptcy court's entry of judgment.[3] Ms. Deyhimy's notice of appeal was filed one day late. Her failure to file a timely notice of appeal was a jurisdictional defect barring appellate review by the district court. *See River Prod., Co. v. Webb (In re Topco, Inc.)*, 894 F.2d 727, 733 n. 7 (5th Cir.1990); *Greene v. United States ex rel. United States Small Business Admin. (In re Souza)*, 795 F.2d 855, 857 (9th Cir.1986); *In re Universal Minerals, Inc.*, 755 F.2d 309, 310 (3d Cir.1985); *see also National Acceptance Co. of Am. v. Price (In re Colorado Energy Supply, Inc.)*, 728 F.2d 1283, 1285 (10th Cir.1984) (construing predecessor to Rule 8002(a)).

Although the ten-day filing mandate is strictly construed and requires strict compliance, *In re Universal Minerals, Inc.*, 755 F.2d at 311, Bankruptcy Rule 8002(c) permits a twenty-day extension of time to file a notice of appeal if a motion is made within the original ten-day time period. Also, a motion for an extension may be made within twenty days of the ten-day period upon a showing of excusable neglect. Rule 8002(c). The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c). *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 464 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *see Walker*, 684 F.2d at 412–13 (motion for extension of time due to excusable neglect must be filed with bankruptcy court). Ms. Deyhimy did not file a motion for extension of time within the initial ten-day period or within the twenty days after the first ten-day period alleging that her failure to file a notice of appeal within the initial ten days was due to excusable neglect.

Accordingly, we conclude the district court lacked jurisdiction to consider the merits of Ms. Deyhimy's appeal from the bankruptcy court. Ms. Deyhimy failed to file the necessary notice of appeal or motion for an extension of time in a timely fashion in order to preserve an appeal. *See National Acceptance Co. of Am.*, 728 F.2d at 1287 (construing predecessor to Rule 8002). "The rules are valid and clear and there is no excuse that would justify extending the time at this late date by this court." *Id.*

The judgment of the United States District Court for the District of Utah is VACATED, and the action is REMANDED to the district court to dismiss the appeal. Ms. Deyhimy's Request for Judicial Notice and Application for Relief from Default in Compliance with Rule 33.2 are DENIED as moot.

---

**2.** The filing date is the date the notice of appeal is received, not the date it is mailed. Bankr.R. 8008(a); *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.)*, 684 F.2d 410, 413 (6th Cir. 1982); *Robinson v. Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir.1981).

**3.** Intermediate Saturdays, Sundays, and legal holidays are not excluded from the ten-day period. Bankr.R. 9006(a); *Galt v. Jericho–Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 583–84 (9th Cir.1987).