**In re SILVER OAK HOMES, LTD.**

**Susan O'Master HALLOCK, et al.**

v.

**KEY FEDERAL SAVINGS BANK, et al.**

Civ. No. K–94–1400.

United States District Court,
D. Maryland.

July 5, 1994.

Gerald C. Ruter, Towson, MD, for debtor.

Gerson B. Mehlman and Francis X. Leary, Mehlman and Law, Baltimore, MD, for appellants.

Mark H. Friedman, Friedman & MacFadyen, Marc S. Rosen, Scanlan & Rosen, Baltimore, MD, for appellee Key Federal Sav. Bank.

Robert J. Carson and Zvi Guttman, Smith, Somerville & Case, Baltimore, MD, for appellee George W. Liebmann.

Joel I. Sher, Trustee, Baltimore, MD.

Maxwell C. Moulton, pro se.

FRANK A. KAUFMAN, Senior District Judge.

On June 20, 1990, appellants filed a complaint in the Circuit Court of Maryland for Baltimore City. Appellees removed that action to the Bankruptcy Court on July 19, 1990. Appellants subsequently filed in the Bankruptcy Court a motion to remand on the grounds that the Bankruptcy Court did not have subject-matter jurisdiction over their case. That motion to remand was denied by the Bankruptcy Court on April 23, 1991.

The Report and Recommendation of the Bankruptcy Court to the U.S. District Court that the motion to remand be denied was adopted in full by this Court by the undersigned Judge on October 14, 1991.

On April 14, 1994, the Bankruptcy Court granted the motions of appellees' for summary judgment, 167 B.R. 389. Appellants filed a notice of appeal to this Court on April 28, 1994, from that grant of summary judgment. Appellees thereafter timely filed a motion to dismiss the said appeal.

Federal Rule of Bankruptcy Procedure 8002(a) provides in part:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

The issue before this Court is whether appellants' appeal, filed thirteen days after entry of the Bankruptcy Court's Order has been timely filed, and if not, whether appellants' failure to file timely constitutes excusable neglect.

In *In re Lane,* 991 F.2d 105, 107 (4th Cir.1993), Judge Wilkinson, in affirming the district court's order of dismissal of an appeal from the bankruptcy court, wrote:

> Lane appealed the bankruptcy court's final decree twenty-one days after it was filed. Federal Rule of Bankruptcy Procedure 8002(a) allows ten days to bring such appeals. Even if Lane had made a showing of 'excusable neglect' for a late filing, which he certainly did not, he would have had only twenty days to appeal, and he took twenty one.

In *In re Herwit,* 970 F.2d 709 (10th Cir. 1992), Judge Anderson wrote and held:

> The Bankruptcy court entered its judgment on October 1, 1990. [Appellant] filed her notice of appeal on October 12, 1990, eleven days later.
>
> Bankruptcy Rule 8002(a) provides that a notice of appeal must be filed within ten days of the bankruptcy court's entry of judgment. [Appellant]'s notice of appeal was filed one day late. Her failure to file a timely notice of appeal was a jurisdictional defect barring appellate review by the dis-

trict court. *See River Prod. Co. v. Webb (In re Topco, Inc.),* 894 F.2d 727, 733 n. 7 (5th Cir.1990); *Greene v. United States ex rel United States Small Business Admin. (In re Souza),* 795 F.2d 855, 857 (9th Cir. 1986); *In re Universal Minerals, Inc.,* 755 F.2d 309, 310 (3d Cir.1985); *see also National Acceptance Co. of Am. v. Price (In re Colorado Energy Supply, Inc.),* 728 F.2d 1283, 1285 (10th Cir.1984) (construing predecessor to Rule 8002(a)).

Although the ten-day filing mandate is strictly construed and requires strict compliance, *In re Universal Minerals, Inc.,* 755 F.2d at 311, Bankruptcy Rule 8002(c) permits a twenty-day extension of time to file a notice of appeal if a motion is made within the original ten-day time period. Also, a motion for an extension may be made within twenty days of the ten-day period upon a showing of excusable neglect. Rule 8002(c). The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c).

*Id.* at 709–10 (footnotes omitted) (citations omitted).

 In this case, the appeal was not filed within the ten-day period; nor was it filed in the Bankruptcy Court. Nevertheless, appellants argue that "[d]ue to the Appellants' attorneys' lack of experience in this Bankruptcy Court, counsel used the Federal Rules, in calculating time." Thus, appellants assert that this Court should find excusable neglect for their untimely notice and should consider the April 28, 1994, Notice of Appeal as a motion for extension of time under 8002(c). Appellants further contend that the Bankruptcy Court never had subject-matter jurisdiction over this case and state, that if this Court dismisses their appeal, appellants will file a second appeal contesting the propriety of the dismissal on the basis of lack of jurisdiction.

The appellants rely on *In re Inwood Realty Co.,* 4 B.R. 459 (S.D.N.Y.1980), which held that an untimely filed notice of appeal filed within the maximum, total thirty-day period can be considered as a motion for extension of time. However, *Inwood* required that despite the appellant's untimely filing with the court, "appellant timely served notice on ap-

pellee," 4 B.R. at 465, a circumstance not present in the instant case. Further, *Inwood* also required that a finding of excusable neglect be made. While the district court concluded that delay in the mails did, under the facts in *Inwood,* constitute excusable neglect, the court affirmed the Bankruptcy Judge's finding that ignorance of the applicable rule did not qualify as excusable neglect. "It is clearly established that where legal counsel's 'failure to act was the result either of a failure to understand the law, or of one of those careless omissions to which everyone is indeed subject,' no exceptional circumstances warranting a finding of excusable neglect are made out.'" *Id.* at 464 (quoting *Fase v. Seafarers Welfare & Pension Plan,* 574 F.2d 72, 77 (2d Cir.1978) (quoting *Nichols–Morris Corp. v. Morris,* 279 F.2d 81, 83 (2d Cir.1960) (L. Hand, J.))). Thus, under *Inwood,* appellants' notice of appeal in the within case does not qualify as a motion for extension of time.

Appellants also rely on *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, the Supreme Court dealt with the issue of "whether an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of the rule" in question, namely Bankruptcy Rule 9006(b)(1). *Id.* at ——, 113 S.Ct. at 1491–92, 123 L.Ed.2d at 81–82. Under that rule, the bankruptcy court is authorized to permit a late filing for "excusable neglect." *Id.* at ——, 113 S.Ct. at 1492, 123 L.Ed.2d at 81. Concluding that there was a need for an "equitable inquiry," *id.* at ——, 113 S.Ct. at 1495, 123 L.Ed.2d at 86, Justice White, writing for the majority, stated that "the 'excusable neglect' standard of Rule 9006(b)(1) is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at ——, 113 S.Ct. at 1496, 123 L.Ed.2d at 87. Further, Justice White wrote that a determination of excusable neglect in the context of Bankruptcy Rule 9006(b)(1), "is at bottom an equitable one, taking [into] account.... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial

proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at —— – ——, 113 S.Ct. at 1498, 123 L.Ed.2d at 89–90.

*Pioneer* did not deal with a case in which, as in *Herwit* and herein, the time provided by the applicable rule for seeking relief based upon "excusable neglect" had to be satisfied before any such relief was sought.[1] Herein, as in *Herwit,* counsel did not, within twenty days after the time for appeal had run, seek to extend the time for filing the notice of appeal as required by Rule 8002(c). Thus, as in *Herwit,* the appellant "did not file a motion for extension of time within the initial ten-day period or within the twenty days after the first ten-day period alleging that her failure to file a notice of appeal within the initial ten days was due to excusable neglect." 970 F.2d at 710.[2] Accordingly, this Court does not have jurisdiction over the within appeal.

With regard to appellants' assertion that they will appeal any dismissal of this appeal on subject-matter jurisdictional grounds,[3] this Court expresses no view as to what position it will take if presented with such a contention. For the reasons set forth *supra,* appellees' motion to dismiss will be granted.

---

1. Bankruptcy Rule 9006(b)(3) states in part that despite the enlargement provisions of 9006(b)(1), "The court may enlarge the time for taking action under [Bankruptcy Rule] ... 8002 ... only to the extent and under the conditions stated in th[at] rule[]."

2. This Court also notes that appellants, in this Court, have untimely designated the items to be included in the record on appeal. Under Rule 8006, an appellant must designate such items within ten days of filing the notice of appeal; however, appellants did not designate such items until May 10, 1994, twelve days after noting their appeal on April 28, 1994. Local Rule 403.2 of the United States District Court of the District of Maryland provides that failure to designate the items to be included in the record on appeal in compliance with Bankruptcy Rule 8006 may be cause for dismissal by the district court. However, this Court is not acting under Local Rule 403.2, *per se,* in this opinion.

3. This Court notes that the jurisdictional grounds so indicated by plaintiff are seemingly nearly identical to those presented and rejected by the Bankruptcy Court and by this Court in connection with plaintiffs' aforementioned motion to remand.