31 F.3d 767
 In re Claude E. SAUNDERS, Debtor,
Claude E. SAUNDERS, Appellant,
v.
BAND PLUS MORTGAGE CORP.; Fidelity Home & Loan Co.;
Pacific Thrift & Loan Co.; Cut-Met Mortgage Co., Appellees.
 No. 93-56627.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 21, 1994*.
Decided July 15, 1994.
 
 Claude E. Saunders, in pro. per.
 Stephen E. Jenkins, Hemar, Rousso & Garwacki, Encino, CA, for appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claude E. Saunders appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision, dismissing his appeal as untimely. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 2
 The timeliness of a notice of appeal is a question of law which we review de novo. In re Kincaid, 917 F.2d 1162, 1164 (9th Cir.1990). A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Bank.R. 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir.1994); In re Slimick, 928 F.2d 304, 306 (9th Cir.1990); In re Souza, 795 F.2d 855, 857 (9th Cir.1986).
 
 
 3
 Here, the bankruptcy court's order dismissing Saunders's petition was entered on January 21, 1993. Saunders had 10 days from that date in which to file his notice of appeal. See Bank.R. 8002(a); see also Bank.R. 9006(a) (if time period greater than 8 days, intermediate Sundays, Saturdays, and legal holidays are counted). No appeal was filed until February 2, 1993, 12 days after the order was entered.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4