**In re Clement Anton Joe ZERR, and Pauline Marie Zerr, Debtors.**

**Nos. 94–4093–DES, 92–41702–12.**

United States District Court, D. Kansas.

March 7, 1995.

Dan E. Turner, Phillip L. Turner, Turner Law Office, Topeka, KS, for Clement Anton Joe Zerr, Pauline Marie Zerr.

Eric D. Bruce, Bruce & Davis, Wichita, KS, for Montezuma Credit Union.

Calvin K. Williams, Calvin K. Williams, Chartered, Colby, KS, for Maxine Litson.

Calvin J. Karlin, Barber, Emerson, Springer, Zinn & Murray, Lawrence, KS, for Farm Credit Bank of Wichita.

Eric C. Rajala, Trustee, Overland Park, KS.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

### I. INTRODUCTION

This matter is before the court on Farm Credit Bank of Wichita's ("creditor") motion to dismiss (Doc. 5) debtors' appeal. The court has reviewed the parties' briefs, the record, and the relevant law, and is ready to rule.

### II. PROCEDURAL BACKGROUND

On September 15, 1992, debtors filed bankruptcy under Chapter 12. They filed their plan January 25, 1993. On March 3, 1993, the bankruptcy court denied confirmation. Debtors filed an amended plan March 19, 1993. On April 4, 1994, the bankruptcy court held a confirmation hearing at which United States Bankruptcy Judge Julie Robinson announced her intention to deny confirmation and grant creditor's motion to dismiss. Judge Robinson issued a formal Memorandum and Order and Judgment on Decision May 3, 1994. On May 13, 1994, debtors moved to alter or amend the order of dismissal. Judge Robinson denied their motion May 20, 1994. On June 1, 1994, debtors filed their notice of appeal.

### III. DISCUSSION

Creditor moves to dismiss debtors' appeal as untimely. Creditor argues as follows: the rules require that a notice of appeal be filed within ten days of the date of entry of the order appealed from; debtors appeal from Judge Robinson's May 20, 1994, order; debtors filed their notice of appeal June 1, 1994, twelve days after the challenged order was entered; therefore, their appeal is untimely and must be dismissed.

Title 28 United States Code § 158(a) grants the court jurisdiction to hear appeals from final orders of the bankruptcy court. A party appealing a bankruptcy court action must file a notice of appeal "within ten days of the date of the entry of the judgment, order, or decree appealed from." Fed. R.Bankr.Proc. 8002(a). An untimely notice of appeal deprives the court of jurisdiction. *In re Colon*, 941 F.2d 242, 245 (3rd Cir.1991); *In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990); *In re Bucyrus Grain Co., Inc.*, 905 F.2d 1362, 1367 (10th Cir.1990).

The question presented is whether debtors filed their notice of appeal "within 10 days of the date of the **entry** of the judgment, order, or decree appealed from." Fed.R.Bank.P. 8002(a) (emphasis added). As the day of the event from which debtors appeal, May 20 is not counted; instead, May 21 is the first day. Fed.R.Bank.P. 9006(a). Since the prescribed period for filing a notice of appeal is greater than eight days, intervening Saturdays and Sundays are counted. *Id.* May 30 is the tenth day; however, because May 30 was Memorial day, it cannot be the final day in the period. *Id.* Accordingly, May 31 becomes the tenth and last day on which debtors could timely file their notice of appeal. Debtors did not file their notice on or before May 31. Their notice is untimely.

Debtors acknowledge they did not file their notice within ten days, but they argue they are entitled to three extra days because they were served by mail with the May 20, 1994, Memorandum and Order. Bankruptcy Rule 9006(f) grants three extra days where mail service is a critical element of the allotted time. Specifically, Rule 9006(f) provides as follows: "[w]hen there is a right or requirement to do some act or undertake some proceeding within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the

prescribed period." Debtors argue they are entitled to be credited with the three extra days provided by Rule 9006(f).

In *In re B.J. McAdams, Inc.*, 999 F.2d 1221 (8th Cir.1993), the Eighth Circuit addressed whether Rule 9006(f) allowed an appellant an additional three days where the appellant was served by mail with the challenged order. As debtors in the instant case, the appellant before the Eighth Circuit argued that since it had been served by mail with the bankruptcy court's judgment, Rule 9006(f) applied extending its time to file its notice of appeal to thirteen days from ten. The Eighth Circuit wrote as follows:

> [t]his argument fails because Rule 9006(f), by its very language, applies only in instances when the prescribed period runs from service of a notice. Here, the time to file the ... notice of appeal runs from the entry of judgment, not from service of notice of the judgment. [Citation omitted]. CDC's argument also ignores the latter part of Bankruptcy Rule 9022, providing that "[l]ack of notice of the entry [of judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Thus, even if CDC never received the mailed notice under the rule, the time to appeal would not be altered. To say, then, that CDC should have three additional days to respond because it received notice of judgment by mail is illogical.

999 F.2d at 1225.

The Eighth Circuit's reasoning is consistent with Tenth Circuit authority applying roughly analogous Federal Rules of Appellate Procedure. *See Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 888 (10th Cir.1984). *In re B.J. McAdams, Inc.* is persuasive.

 In closing, the court notes that debtors do not argue their untimely notice of appeal should be treated as a motion for extension of time. *See In re Shields*, 150 B.R. 259, 260 (D.Colo.1993) (noting that the appellant's notice of appeal, which was filed outside the ten-day window, would be timely only if it could be construed as a request for extension of time and the delay was the result of excusable neglect). Even if they

had made such an argument, there is no basis for a finding that debtors' delay was the result of excusable neglect. Indeed, debtors' pattern of missed deadlines and delay supports a contrary finding. *See* Memorandum Opinion and Order (Bankr.Doc. 228), filed May 3, 1994, at pp. 2–3 & 13. Accordingly, the court finds debtors' appeal must be dismissed for lack of jurisdiction. *Cf. Matter of Arbuckle*, 988 F.2d 29 (5th Cir.1993); *In re Sanders*, 59 B.R. 414 (D.Mont.1986).

## IV.  *CONCLUSION*

**IT IS BY THE COURT THEREFORE ORDERED** that creditor's motion to dismiss (Doc. 5) debtors' appeal is granted. Debtors' appeal is dismissed.