94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Sidney HOFFMAN and Charlotte Hoffman, Debtors.
Sidney HOFFMAN, Plaintiff-Appellant,
v.
Wallace HARBOTTLE; Aby Hervy, Defendants-Appellees.
 No. 95-56825.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sidney Hoffman appeals pro se the Bankruptcy Appellate Panel's decision dismissing his appeal as untimely. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 The timeliness of a notice of appeal is a question of law which we review de novo. Delaney v. Alexander (In re Delaney), 29 F.3d 516, 517 (9th Cir.1994). A notice of appeal from a decision of the bankruptcy court must be filed within ten days of the date of the entry of judgment appealed from Fed.R.Bankr.P. 8002(a). The time limits established for filing a notice of appeal are mandatory and jurisdictional. Saunders v. Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767, 767 (9th Cir.1994) (appeal filed twelve days after bankruptcy court order was untimely).
 
 
 4
 Here, the bankruptcy court's judgment was entered on January 23, 1995. No notice of appeal was filed until February 3, 1995, 11 days after the judgment was entered. Accordingly, the BAP did not err in dismissing due to an untimely notice of appeal. Id.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hoffman failed to file a request for an extension of time for appeal with the bankruptcy court, see Fed.R.Bank.P. 8002(c), and, therefore, his claim that "unique circumstances" excused the late notice of appeal is unavailing