**UNITED STATES COURT OF APPEALS**
**Filed 9/26/96**
**TENTH CIRCUIT**

In re: CRAY COMPUTER
CORPORATION,

Debtor,

-----------------------------
WILLIAM KUNTZ, III,

Appellant,

v.

CRAY COMPUTER CORPORATION,

Appellee.

No. 96-1125
(D. Ct. No. 96-AP-329)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

Appellant William Kuntz III appeals from the district court's dismissal of his appeal from the bankruptcy court's Order Approving the Sale of All of the Debtor's Patent Assets and Certain Related Intellectual Property (the "Order"). Jurisdiction is based upon 28 U.S.C. § 158(d). We dismiss the appeal as moot.

The bankruptcy court entered the Order on January 29, 1996. On February 2, 1996, International Business Machines Corp. ("IBM") filed a motion to correct an oversight or omission in the Order under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(a). On February 7, 1996, the bankruptcy court granted IBM's motion and entered a modified Order correcting the omissions identified by IBM. Appellant opposed the sale of the assets and on February 9, 1996, he filed a notice of appeal in the district court. On February 13, 1996, the district court issued an Order to Show Cause requiring appellant to show cause within ten days why the bankruptcy appeal should not be dismissed for appellant's failure to file the notice of appeal within ten days of the entry of the Order. On February 27, 1996, the district court dismissed the appeal--the same day that appellant filed his untimely response to the Order to Show Cause. The sale of the patent assets that were the subject of the Order of the bankruptcy court has since been consummated. Neither the bankruptcy court nor the district court granted a stay of the Order pending appeal.

Under Fed. R. Bankr. P. 8002(b)(4) a timely motion under Fed R. Bankr. P.

9024 by one party tolls the time period in which all other parties may file a notice of appeal until entry of the order that resolves the Rule 9024 motion. Therefore, it appears that IBM's motion tolled the period in which Kuntz could file a notice of appeal, rendering appellant's appeal of the bankruptcy court's Order timely. However, the court need not decide whether appellant's failure to timely respond to the district court's Order to Show Cause waived any objection to the dismissal of his appeal, because this appeal is moot.

In its Order, as modified, the bankruptcy court found that the purchaser of debtor's patent assets, Dasu, L.L.C., is a good faith purchaser under 11 U.S.C. § 363(m). Under § 363(m) the validity of the sale of a debtor's property is unaffected by the reversal or modification of the order permitting the sale under § 363(b) or (c), unless the sale permitted by the order is stayed pending appeal. Therefore, a finding of good faith under § 363(m) moots appeals in cases "where the only remedies available are those that affect the validity of the sale." In re Osborn, 24 F.3d 1199, 1203-04 (10th Cir. 1994); see also In re Whatley, 169 B.R. 698, 700-01 (D. Colo. 1994), aff'd, 54 F.3d 788 (10th Cir. 1995). Because appellant objects only to the validity of the sale, his appeal is hereby DISMISSED as moot.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge