**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: CRAY COMPUTER CORPORATION,

Debtor.

-----------------------------------------------

WILLIAM KUNTZ, III,

        Appellant,

    v.

CRAY COMPUTER CORPORATION,

        Appellee.

No. 96-1067
D. Colorado
(D.C. No. 96-AP-36)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

William Kuntz, III appeals the district court's dismissal of his pro se appeal from bankruptcy court orders which 1) denied his objection to an interim fee application and his request for an extension of time in which to object to rejection of lease; 2) granted application for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

interim attorneys' fees; and 3) granted motions of Cray Computer Corporation ("Cray") to reject its real property lease and to sell certain computer systems. He contends that the district court erred in summarily dismissing his appeal. We affirm.

## BACKGROUND

According to his brief, Kuntz is a Cray stockholder. In March 1995, Cray filed a Chapter 11 bankruptcy petition.[1] On November 9, 1995, Cray filed a notice of its motion to reject real property lease. Pursuant to D. Colo. Bankr. R. 202, the notice specified that any objections were due by November 27, 1995.[2] Appellee's Br. Attach. 1. By November 27, 1995, Kuntz had filed no objection. On December 22, 1995, Kuntz filed a motion to extend time to object to rejection of lease. Id., Attach. 2 at 27, Docket No. 255. On December 26, 1995, the bankruptcy court denied Kuntz's motion for an extension of time to object. In a separate order, the court granted Cray's motion to reject the lease. Id., Attachs. 3, 4. On November 22, 1995, Cray's bankruptcy attorneys filed a first interim application for fees and expenses. Id., Attach. 6. Pursuant to D.

---

[1]Kuntz states that numerous Cray actions have not been favorable to the debtor estate. In addition to this appeal, Kuntz has initiated four other appeals from various bankruptcy court orders. We have previously dismissed one of those appeals as moot. Kuntz v. Cray Computer Corp. (In re Cray Computer Corp.), No. 96-1125, 1996 WL 547320 (10th Cir. Sept. 26, 1996). Another appeal has been summarily dismissed for lack of jurisdiction, and two are still pending.

[2]Bankruptcy Code § 102 authorizes action to be taken without requiring an actual hearing if notice is given and if "a hearing is not requested timely by a party in interest." 11 U.S.C. § 102(1)(B)(i). In the District of Colorado, § 102 is implemented by D. Colo. Bankr. R. 202. Pursuant to Rule 202, a movant may file a motion which contains a specific statement of the action intended and which sets a deadline for objections. D. Colo. Bankr. R. 202(b). Failure to timely file an objection "may be deemed a waiver of any opposition." D. Colo. Bankr. R. 202(c); see In re Pullara, 199 B.R. 417, 418 (Bankr. D. Colo. 1996).

Colo. Bankr. R. 202, the application specified that objections were due by December 15, 1995.[3]

On December 22, 1995, the bankruptcy court entered an order of interim allowance of attorneys'

fees and reimbursement of expenses which expressly reserved objections and further provided

that the interim allowance "is subject to review and modification at the time of [the] final

application for compensation." Id., Attach. 7. On November 22, 1995, Cray filed an application

to sell certain computer systems ("RAIDS"). Id., Attach. 5. Pursuant to D. Colo. Bankr. R. 202,

the application required that objections be filed by December 15, 1995. Kuntz filed no

objection.[4] The bankruptcy court granted the application on December 26, 1995. Id., Attach. 2 at

27, Docket No. 260.

Kuntz appealed the bankruptcy court's orders. R. Vol. I, Tab 1. On January 8, 1996, the

district court advised Kuntz that his designation and statement of issues was due by January 16,

1996. Id., Index at 2, Docket No. 2. On January 9, 1996, the court entered a minute order setting

a February 7, 1996, pre-briefing conference before a magistrate judge. On January 24, 1996,

Cray filed a motion to dismiss on the grounds that Kuntz was procedurally barred from

---

[3]Although Kuntz failed to file an objection by December 15, 1995, he claims that he served an objection on Cray and its attorneys on that date. The court docket indicates that the objection was filed on December 22, 1995. On December 26, 1995, the bankruptcy court denied Kuntz's objection. Id., Attach. 3. In view of the interlocutory nature of the court's separate order allowing the interim fees, see discussion infra, we need not address the timeliness of Kuntz's objection.

[4]Kuntz states that he did not object since the motion was only for authority to sell. However, he claims that the final order granted the immediate right to sell, which grant is different from the mere authority contemplated by the motion's terms. Appellant's Br. at 6. Thus, Kuntz argues that he had insufficient notice of the intended action. Contrary to Kuntz's assertion, our review of the motion discloses no limitation, either as to time or place, on the authority sought. In any event, we are unable to review Kuntz's contention that the order significantly differed from the motion, since Kuntz has not provided the order as part of the record on appeal, and the docket entry he designates appears to simply grant the motion as made.

appealing, because he had failed to make timely objections before the bankruptcy court. Cray argued that Kuntz's opportunity to object was "foreclosed by his own tardiness or failure to object." Id., Tab 5. Simply noting its review of the file and Cray's motion, the district court summarily dismissed the appeal on January 25, 1996. Id., Tab 6. In his appeal to us, Kuntz complains that the district court improperly considered Cray's motion ex parte without allowing him an opportunity either to respond or to present his case at the prebriefing conference, and he seeks a remand so that he may fully brief the motion. Arguing that we lack jurisdiction to hear Kuntz's appeal, Cray has moved to dismiss.

## DISCUSSION

Appeals from district court decisions in bankruptcy are governed in part by 28 U.S.C. § 158, which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals

   (1) from final judgments, orders, and decrees;

. . . .

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title . . . .

. . . .

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

-4-

The order denying Kuntz's request for an extension of time in which to object to the rejection of lease is not a final order,[5] but merely an intermediate step to the court's decision on Cray's motion. See Aucoin v. Southern Ins. Facs. Liquidating Corp. (In re Aucoin), 35 F.3d 167, 169 (5th Cir. 1994). Likewise, the order granting interim attorney fees is not a final order. See Spears v. United States Trustee, 26 F.3d 1023, 1024 (10th Cir. 1994) (collecting cases on interim fee appeal). Accordingly, we lack jurisdiction to review those orders.

Cray does not argue that the bankruptcy court's orders which granted its motions to reject the lease and to sell the RAIDS systems were not final orders. Rather, Cray repeats the substance of its motion to the district court, arguing that Kuntz's failure to make a timely objection to either motion constituted a "waiver of any opposition" under D. Colo. Bankr. R. 202. Thus, Cray contends that the district court properly dismissed Kuntz's appeal as "procedurally defective and frivolous." Appellee's Br. at 6.

As noted, Kuntz contends that the district court improperly considered Cray's motion without allowing him the opportunity to respond.[6] According to Kuntz, "[i]t is unclear as to what

_____

[5]In any event, the motion for an extension was filed outside the time for filing an objection, and Kuntz made no showing of excusable neglect. See Fed. R. Bankr. P. 9006(b)(1).

[6]Cray contends that Kuntz had no right to respond, as its motion sought a procedural order which "may be acted on at any time, without awaiting a response thereto." Fed. R. Bankr. P. 8011(b). We reject Cray's contention that its motion to dismiss was procedural. According to the Advisory Committee Note, Rule 8011 conforms substantially to Fed. R. App. P. 27 whose history specifically provides that the "term 'motions for procedural orders' . . . describe[s] motions which do not substantially affect the rights of the parties or the ultimate disposition of the appeal." Fed. R. App. P. 27 advisory committee's notes (1967 adoption). Obviously, a motion to dismiss affects the ultimate disposition of the appeal.

(continued...)

facts the district court took into consideration. It is clear, that Appellant made objections in bankruptcy court." Appellant's Br. at 7. Contrary to Kuntz's assertions, he filed no objections to the motion to reject lease or to the motion to sell the RAIDS systems, and his belated claim that he lacked adequate notice is simply not supported by the record. Moreover, even if his arguments did have merit, he failed to timely file a designation of issues which would have brought them before the district court.

We review the district court's decision to dismiss a bankruptcy appeal for abuse of that discretion. In re Scheri, 51 F.3d 71, 75 (7th Cir. 1995). In this case, we have fully reviewed the record before the district court, and have determined that Kuntz not only failed to preserve his objections by raising them before the bankruptcy court, he also failed to specify the issues for the district court. Although pro se pleadings are liberally construed, pro se parties must follow the applicable rules of procedure. Nielsen v. Price, 17 F.3d 1276, 1276 (10th Cir. 1994). Under the

---

[6](...continued)

We also reject Kuntz's suggestion that District of Colorado Administrative Order 1995-2 ("Order 1995-2"), effective June 22, 1995, places the power to expedite the dismissal of an appeal exclusively in the magistrate judge to whom the case has been referred. We have previously noted that district court judges retain ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges. United States v. First Nat. Bank of Rush Springs, 576 F.2d 852, 853 (10th Cir. 1978). Moreover, the Federal Magistrates Act, 28 U.S.C. § 636(c)(6) (currently codified at § 636(c)(4)) specifically provides that, for good cause shown, a district court judge may vacate the reference of a civil matter to a magistrate. Thus, the district court acted within its power when it ruled on Cray's motion notwithstanding the previous reference to a magistrate judge under Order 1995-2.

facts of this case, the district court did not abuse its discretion in summarily dismissing Kuntz's appeal.[7]

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[7]Our standard of review embodies our general deference to the discretionary responsibility of district courts to manage the conduct of litigation in their courtrooms and to use dismissal when appropriate. Inasmuch as Kuntz has shown no defense to Cray's motion and no prejudice resulting from his inability to respond, he has failed to show an abuse of the court's discretion. Cf. Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1377 (10th Cir. 1996).