141 F.3d 1173
 2 Cal. Bankr. Ct. Rep. 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Robert Doran BELSHAW, Debtor,
John J. KORESKO, Appellant,
v.
Robert Doran BELSHAW, Appellee.
 No. 97-56174.
BAP No. CC-97-01231-OmJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998[2].
Decided Mar. 19, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Lawrence Ollason, James W. Meyers, and Robert C. Jones, Judges, Presiding.
 Before FLETCHER, BEEZER and LEAVY, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Creditor John Koresko appeals pro se the Bankruptcy Appellate Panel's dismissal as untimely of his appeal from the bankruptcy court's order dismissing his adversary action against his former attorney, debtor Robert Belshaw. Fed. R. Bankr.P. 8002 requires that a notice of appeal be filed with the BAP within ten days of the bankruptcy court's entry of judgment. Koresko filed his notice of appeal 23 days after the bankruptcy court order. Because the "provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." Saunders v. Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767, 767 (9th Cir.1994). We reject Koresko's contention that his untimely filing should be excused because he believed he could appeal to this court within 30 days, rather than following the proper route of appeal to the BAP. Accordingly, the BAP's dismissal is
 
 
 2
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3