141 F.3d 1175
 2 Cal. Bankr. Ct. Rep. 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Wilmer J. DECKARD, Debtor,
George W. DECKARD, Appellant,
v.
Wilmer J. DECKARD; David L. Ray, Trustee, Appellee.
 No. 97-55743.
BAP No. CC-96-02145.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 19, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Sidney C. Volinn, Alfred C. Hagan, and Lawrence Ollason, Bankruptcy Judges, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Deckard appeals pro se the Bankruptcy Appellate Panel's dismissal, as untimely, of his appeal from the bankruptcy court's order denying him relief from the stay in the bankruptcy of Chapter 7 debtor Wilmer Deckard. Fed. R. Bank. P. 8002 requires that a notice of appeal be filed with the BAP within 10 days of the bankruptcy court's entry of judgment. Deckard filed his notice of appeal 16 days after the bankruptcy court order. Deckard argues that there were procedural due process violations in the bankruptcy court, but admits that he received notice of the bankruptcy court decision on the date that the decision was filed. Because the "provisions of Bankruptcy Rule 8002 are jurisdictional, the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." Saunders v Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767 (9th Cir.1994). Accordingly, the BAP's dismissal is
 
 
 3
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3