**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  CRAY COMPUTER
CORPORATION,

Debtor,

WILLIAM KUNTZ, III,

Appellant,

v.

DASU L.L.C.,

Appellee.

No.  97-1185
(D.C. No. 97-AP-453)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

William Kuntz, III, a shareholder of debtor Cray Computer Corporation, appealed a judgment of the district court dismissing, as untimely filed, his appeal from an order of the bankruptcy court.  The bankruptcy court had denied Kuntz's Fed. R. Civ. P. 60(b) motion to vacate an earlier order granting debtor's motion to sell certain patent assets.[1]

The bankruptcy court denied the Rule 60(b) motion on January 30, 1997.  On March 4, Kuntz filed a motion for reconsideration and/or for an extension of time in which to file a notice of appeal, citing Bankruptcy Rules 8002(c) and 9024 and Federal Rule of Civil Procedure 60(a) and (b).  The bankruptcy court denied the motion; it concluded that the request for an extension of time was untimely under Bankruptcy Rule 8002(c).  The district court then ordered the appeal dismissed as untimely filed.

---

[1]     Kuntz, unhappy with the price Dasu L.L.C. paid for the patents, earlier challenged the January 1996 sale of debtor's assets.  We held that although the district court erred in dismissing the bankruptcy appeal as untimely, because the sale of the patent assets had been consummated and neither the bankruptcy court nor the district court had granted a stay, the bankruptcy court's determination that Dasu was a good faith purchaser under 11 U.S.C. § 363(m) rendered the appeal moot.  See Kuntz v. Cray Computer (In re Cray Computer Corp.), No. 96-1125, 1996 WL 547320, at **1 (10th Cir. Sept. 26, 1996) (citing Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203-04 (10th Cir. 1994) (§ 363(m) moots appeals in those cases where the only remedies available are those affecting validity of sale)).

We review the district court's dismissal for lack of jurisdiction de novo. See Weston v. Mann (In re Weston), 18 F.3d 860, 862 (10th Cir. 1994). An appellate court has no jurisdiction absent a timely notice of appeal. See id.; Saunders v. Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767 (9th Cir. 1994). Kuntz's brief does not address the sole issue before us--whether his appeal to the district court was timely filed. Instead, he reargues his theory of why the underlying sale of the patent assets should be reconsidered.

Kuntz had ten days in which to file a notice of appeal from the bankruptcy court's January 30, 1997 order, including intermediate calendar days. See Bankr. R. 8002(a), 9006(a). The calculation of time and excludable days in this case is governed by Bankruptcy Rule 9006(a), not Federal Rule of Civil Procedure 6(a). A request for an extension of time to appeal must be made within the appeal period, except that a request made no more than twenty days after the expiration of time for filing a notice of appeal may be granted on a showing of excusable neglect. See Bankr. R. 8002 (c). Kuntz's request for extension of time filed on March 4, 1997, exceeded by one day the bankruptcy court's authority to grant the extension.

Failure to receive notice of the entry of judgment is not an excuse for an untimely appeal. See Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 632 (B.A.P. 9th Cir. 1995). It is also well established that Bankruptcy Rule 9006(f),

allowing three additional days to undertake a proceeding where notice is served by mail, does not apply to the filing of a notice of appeal under Bankruptcy Rule 8002(a). See United States ex rel. Rudd v. Schimmels (In re Schimmels), 85 F.3d 416, 420 n.4 (9th Cir. 1996); In re Zerr, 180 B.R. 281, 282-83 (D. Kan. 1995) The district court correctly concluded it lacked jurisdiction to entertain Kuntz's appeal.

We also have before us Dasu L.L.C.'s motion for sanctions, which includes the declaration that it has incurred legal fees of over $28,000 in this appeal. Because Kuntz appears to be a frustrated shareholder of debtor, acting pro se and without an understanding of the law, we decline to impose sanctions in the instant case. But he has filed six different proceedings relating to this transaction, and that is more than enough. We admonish him that this case is final and that any further attempts to relitigate the sale of the debtor's patent assets, affirmed by our earlier decision, will warrant appropriate sanctions.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge