**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: MONIQUE MARIE MARTEL,
member of Belle Vie Health Center,
LLC; officer, director, shareholder of
Martel Medical Office, Inc.,

     Debtor.

---------------------------------------

OLOYEA D. WALLIN,

     Appellant,

v.

MONIQUE MARIE MARTEL,

     Appellee.

No. 08-1488
(BAP No. 08-053-CO)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oloyea D. Wallin, a prisoner in custody of the State of Colorado, was a creditor in a Chapter 7 bankruptcy action filed by Monique Martel in the U.S. Bankruptcy Court of the District of Colorado. Mr. Wallin objected to the discharge of Ms. Martel's debts, but on April 8, 2008, and over Mr. Wallin's objection, the bankruptcy court entered an order discharging her debts.

Mr. Wallin sought to appeal this order to the Bankruptcy Appellate Panel of the Tenth Circuit ("BAP"). But, because he failed to pay the filing and docketing fees required by 28 U.S.C. § 1930(b) and (c), the BAP entered a "Notice of Deficiency and Order to Show Cause" on June 4, 2008 informing Mr. Wallin that he had to pay the fees to the bankruptcy court or risk dismissal of his appeal. Mr. Wallin replied with a letter to the BAP asking how to secure a waiver of the fees in light of his indigent status. The BAP's clerk answered the letter on July 15, 2008, explaining that he had to contact the bankruptcy court for information on the possible waiver of filing fees. Still, Mr. Wallin neither paid the required fees nor sought a fee waiver from the bankruptcy court.

Rather than dismiss the appeal, on October 7, 2008, the BAP entered another order. In it, the BAP again notified Mr. Wallin of the need either to pay the applicable fees to, or seek a waiver of those fees from, the bankruptcy court. The order again warned that Mr. Wallin's appeal would be dismissed if he did not take one or the other course of action. Again, however, Mr. Wallin did neither

thing. This time, on October 21, 2008, the BAP dismissed Mr. Wallin's appeal for failure to prosecute pursuant to Fed. R. Bankr. P. 8001(a).

Mr. Wallin then moved for reconsideration. He noted that, in response to the BAP's October 7 order, he filed with the BAP a prison account statement and status report showing his indigent status. The BAP denied Mr. Wallin's motion to reconsider, explaining that Mr. Wallin failed to file his materials in a timely manner. Even if timely filed, the BAP explained once again that any motion for waiver of the fee requirement had to be directed to the bankruptcy court, not the BAP. As the BAP noted, this is because 28 U.S.C. § 1930(f) affords only bankruptcy and district courts, not the BAP, statutory authority to waive filing fees.[1]

Mr. Wallin now appeals to us. We review the BAP's dismissal for failure to prosecute for an abuse of discretion. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). While we have construed Mr. Wallin's filings liberally given his *pro se* status, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we can find no abuse of discretion here. Bankruptcy Rule 8001(a)

---

[1] Neither could the BAP have granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, because that statute affords such authority only to a "court of the United States." We have previously held that this term, as used in an analogous statute, refers only to Article III courts, *see In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1086 (10th Cir. 1994), and the BAP is not such a court. *See also In re Perroton*, 958 F.2d 889, 893-96 (9th Cir. 1992).

expressly confers authority on the BAP to take action it deems appropriate, including dismissal, when litigants fail to comply with its filing requirements.

To be sure, it appears that Mr. Wallin was confused about where he had to pursue his request for a fee waiver. Perhaps his failure to comply with the June 4 show cause order could be excused on that basis; after all, that order did not mention or afford any direction on how to seek a fee waiver for the indigent. Even so, any possible confusion was dispelled by the BAP's July 15 letter and its October 7 show cause order. In both documents, the BAP explained that any fee waiver based on Mr. Wallin's indigency had to be secured from the bankruptcy court. In its October 7 order, the BAP went on to repeat this information three times, each time in bold letters. While the dismissal of Mr. Wallin's appeal for a potentially curable procedural fault is unfortunate, the BAP is not free to ignore Congress's direction regarding the proper venue for fee waiver requests and it gave Mr. Wallin more than four months, two written warnings, and very clear directions on how to solve his problem. This record suggests not an abuse of discretion, but appropriate consideration both to the needs of a *pro se* litigant and the requirements of Congress's statute. *Affirmed*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge