**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| IN RE WILLIAM R. SATTERFIELD, Doing Business As CLASSIC AUTOS, Doing Business As CLASSIC AUTO LEASING,<br><br>Debtor.<br><br><br>WILLIAM R. SATTERFIELD,<br><br>Appellant,<br><br>v.<br><br>PATRICK J. MALLOY III, Trustee,<br><br>Appellee. | No. 08-5185<br><br><br><br>Appeal from<br>the Bankruptcy Appellate Panel<br><br><br><br>(N.D. of Okla.)<br><br>(BAP No. 08-091-NO) |

---

### ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

William R. Satterfield, a debtor in Chapter 7 bankruptcy acting pro se,[1] appeals an order of the Tenth Circuit Bankruptcy Appellate Panel (BAP) denying his motion to proceed in forma pauperis. The record is sparse and the appellate briefs give little by way of background, but it appears Satterfield was recently released from prison and has few assets, if any. He apparently owns a home, but it is mortgaged to a substantial extent and is subject to a government lien in the amount of $1.3 million.

On October 15, 2008, the bankruptcy court entered an order approving the trustee's final report and allowing distributions from the bankruptcy estate to pay the trustee's fees. On November 13, 2008, Satterfield filed a notice of appeal to the BAP. Because it was filed more than ten days after entry of the bankruptcy order, Satterfield's notice of appeal was untimely. *See* Fed. R. Bankr. P. 8001(a) & 8002(a); *see also* Fed. R. Bankr. P. 9006(a)(1) (method for computing time for bankruptcy deadlines).

The BAP subsequently ordered Satterfield to show cause why his untimely appeal should not be dismissed for lack of jurisdiction. *See Deyhimy v. Rupp* (*In re Herwit*), 970 F.2d 709, 710 (10th Cir. 1992) ("[F]ailure to file a timely notice of appeal [is] a jurisdictional defect barring appellate review by the [Bankruptcy

---

[1] Because he acts pro se, we construe Satterfield's filings generously. *See generally Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *see also Kuntz v. Cray Computer Corp.* (*In re Cray Computer Corp.*), No. 96-1067, 1997 WL 111264, at *2 (10th Cir. Mar. 13, 1997) (in a bankruptcy case, construing pro se filings liberally).

Appellate Panel].");  *see also Lang v. Lang* (*In re Lang*), 414 F.3d 1191 (10th Cir. 2005).  Satterfield filed a response to the show cause order.  With his response, he also filed a motion to proceed in forma pauperis.

Rather than dismissing for lack of jurisdiction, the BAP entered an order stating it could not grant Satterfield's in forma pauperis application because under the federal in forma pauperis statute, 28 U.S.C. § 1915, the BAP is not a "court of the United States."  *See Jones v. Bank of Santa Fe* (*In re Courtesy Inns, Ltd.*), 40 F.3d 1084, 1086 (10th Cir. 1994) (holding that bankruptcy courts are not "courts of the United States" and cannot impose sanctions under § 1927); *In re Jeys*, 202 B.R. 153, 154 (10th Cir. B.A.P. 1996) ("The Bankruptcy Appellate Panel is not an Article III court, and therefore lacks the power to grant leave to proceed in forma pauperis.").[2]  The BAP therefore ordered Satterfield to pay the required filing and docketing fees or face dismissal.

Satterfield now appeals to this court, challenging the BAP's denial of his in forma pauperis motion.  Because the BAP's order disposes of Satterfield's appeal and leaves nothing for the bankruptcy court to resolve, it was a final order and we therefore have jurisdiction under 28 U.S.C. § 158(d)(1).  *See Strong v. W. United*

---

[2]  *See also Perroton v. Gray* (*In re Perroton*), 958 F.2d 889, 896 (9th Cir. 1992) (holding that bankruptcy courts do not have authority to waive fees under § 1915).  Other circuits disagree with our jurisprudence on this matter.  *See, e.g.*, *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (finding that a bankruptcy court is a unit of the district court and thus falls within the definition of "court of the United States").

*Life Assurance Co.* (*In re Tri-Valley Distrib., Inc.*), 533 F.3d 1209, 1214 (10th Cir. 2008).

Though our precedent restricts bankruptcy courts and bankruptcy appellate panels from granting relief under § 1915, in 2005 Congress granted bankruptcy courts the authority to waive bankruptcy fees for some Chapter 7 debtors, including fees relating to bankruptcy appeals. *See* 29 U.S.C. § 1930(f). Perhaps, given Satterfield's pro se status, the BAP should have construed his in forma pauperis motion as a motion under § 1930(f), and should have referred the issue to the bankruptcy court in the first instance. *See In re Domenico*, 364 B.R. 418, 420 (Bankr. D.N.M. 2007) (noting that the 2005 amendments to § 1930 "permit the Court to waive the filing fee for the most destitute of debtors"); *see also Wallin v. Martel* (*In re Martel*), No. 08-1488, 2009 WL 1313915, at *1 (10th Cir. May 13, 2009) (noting that only the bankruptcy court, and not the BAP, may grant relief under § 1930(f)).

But even so, the outcome would not have changed. Satterfield's untimely notice of appeal to the BAP caused a jurisdictional defect requiring dismissal.[3] *See In re Herwit*, 970 F.2d at 710. And Satterfield could not remedy the jurisdictional problem—the time has long since past to file a motion to extend the

---

[3] In bankruptcy cases, as in other contexts, we are free to affirm a lower court's decision on any grounds for which there is a sufficient record to make legal conclusions. *Jenkins v. Hodes* (*In re Hodes*), 402 F.3d 1005, 1011 (10th Cir. 2005).

time for filing a notice of appeal.  *See* Fed. R. Bankr. P. 8002(c) (a motion to extend the time for filing a notice of appeal must be filed, at the latest, 20 days after the expiration of the time for filing a notice of appeal).

For these reasons, we AFFIRM the BAP's dismissal of Satterfield's appeal. Satterfield's motion to proceed in forma pauperis in this court is DENIED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge