
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL PETER SPITZAUER, | No. 12-60045 |
| Debtor, | BAP No. 11-1180 |
| MICHAEL PETER SPITZAUER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| EXOTERM HOLDING D.D.; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Hollowell, and Kirscher, Bankruptcy Judges, Presiding

Submitted January 21, 2014**

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Michael Peter Spitzauer appeals from the Bankruptcy Appellate Panel's

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BAP") decision affirming the bankruptcy court's order denying his second motion to extend time to file a notice of appeal. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court correctly denied Spitzauer's extension request because, even assuming a showing of excusable neglect, Spitzauer failed to file his request within the 21 day period. *See* Fed. R. Bankr. P. 8002(c)(2) (time to appeal may be extended upon a showing of excusable neglect only by motion filed not later than 21 days after the expiration of the time for filing a notice of appeal); *see also Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 306 (9th Cir. 1990) ("Although Rule 8002 thus incorporates some flexibility, we strictly enforce its time provisions.").

We do not consider any of Spitzauer's arguments that address the merits of his claim. *See Saunders v. Band Plus Mortg. Corp. (In re Saunders)*, 31 F.3d 767, 767 (9th Cir. 1994) (per curiam) (this court lacks jurisdiction to consider the merits of a claim where an appeal to the BAP was untimely).

**AFFIRMED.**