**In re Shireen M. BLAIR.**

**United States Department of Education,**

v.

**Shireen M. Blair.**

**No. CIV.A.DKC 2003–1281.**

United States District Court, D. Maryland.

Nov. 12, 2003.

Kristine L. Sendek Smith, Office of the United States Attorney, Baltimore, MD, for Appellant.

Richard Brian Rosenblatt, Linda Dorney, Law Offices of Richard B. Rosenblatt, PC, Rockville, MD, for Appellee.

Shireen M. Blair, Seabrook, MD, pro se.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the order of visiting Bankruptcy Judge Gerald Schiff, of the United States Bankruptcy Court for the Western District of Louisiana, imposing a two-year moratorium on the obligation of Debtor Appellee Shireen Blair to Appellant United States Department of Education (USDE). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr.P. 8012. For the reasons that follow, the court will reverse the bankruptcy court's imposition of the moratorium.

## I. Background

The following facts are uncontroverted. Debtor Appellee Shireen Blair filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 13, 2001. An order for relief was duly entered on that same day. On October 12, 2001, Appellee instituted an adversary proceeding for determination of the dischargeability of her student loan obligation, of approximately $57,300, to Appellant United States Department of Education (USDE), pursuant to 11 U.S.C. § 523(a)(8). *See* Fed. R. Bankr.P. 7001(6). The bankruptcy court conducted a trial of the adversary proceeding on March 10, 2003. On April 3, 2003, the bankruptcy court dismissed Appellee's complaint without prejudice, finding that Appellee failed to make the statutorily required showing of "undue hardship," but the court also ordered a moratorium on Appellee's obligation to Appellant until April 1, 2005.[1] The moratorium excused Appellee from making any payments to Appellant, and precluded Appellant from accruing any interest based on Appellee's obligation, during that time.

Appellant filed a timely appeal and presented a single issue for review:

Whether the Court below erred as a matter of law in granting equitable relief to the Plaintiff/Debtor in the form of a moratorium on payments and interest accrual until April 1, 2005, when it concurrently held that Plaintiff/Debtor did not meet two of the three prongs of the test set forth in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir.1987), for undue hardship and consequently did not discharge Plaintiff/Debtor's educational loan debt pursuant to 11 U.S.C. § 523(a)(8).

Designation of Contents of Record on Appeal and Statement of Issue (Paper 34) at 2. Appellant filed its notice of appeal on April 11, 2003, properly "within 10 days of the date of the entry of the judgment" by the bankruptcy court (April 3, 2003). Fed. R. Bankr.P. 8002(a). There was no timely cross-appeal filed by Appellee, as she

---

1. Judgment was entered on April 3, 2003, although Judge Schiff signed the order on March 27, 2003.

failed to file a notice of appeal within 10 days of Appellant's notice. *See* Fed. R. Bankr.P. 8002(a). Instead, on August 12, 2003, Appellee filed a statement of issue, offering six additional issues for consideration on appeal. *See* Paper 11.

■ Appellee's failure to file a timely notice of cross-appeal is "a jurisdictional defect barring appellate review by the district court" and thus this court lacks jurisdiction to entertain Appellee's statement of issue. *Hallock v. Key Fed. Sav. Bank (In re Silver Oak Homes, Ltd.)*, 169 B.R. 349, 350–51 (D.Md.1994) (internal quotation omitted); *see also Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1111 (4th Cir.1986) ("absent exceptional circumstances not present here, only a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court"). Accordingly, the court will grant Appellant's motion to strike Appellee's statement of issue as an untimely effort to cross-appeal.

## II. Standard of Review

■ On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir.1992); *Travelers Ins. Co. v. Bryson Prop., XVIII (In re Bryson Prop., XVIII)*, 961 F.2d 496, 499 (4th Cir.), *cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co.*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). Thus, this court will review *de novo* the bankruptcy court's determination of "undue hardship" and imposition of the moratorium. *See U.S. Dep't of Health and Human Serv. v. Smitley*, 347 F.3d 109, 115–16 (4th Cir.2003) (internal citation omitted). Review of the bankruptcy court's factual findings, which underlie the legal orders, will be for clear error.

## III. Analysis

■ A debtor's educational loans are not dischargeable in bankruptcy, "unless excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The debtor has the burden of proving the existence of undue hardship by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *United States v. McGrath*, 143 B.R. 820, 825 (D.Md.1992), *aff'd*, 8 F.3d 821 (4th Cir.1993) (Table). Because the Bankruptcy Code does not define the term, the Fourth Circuit has adopted a three-part test to determine whether the debtor has demonstrated "undue hardship" within the meaning of § 523(a)(8). To do so, the debtor must establish:

> (1) that he cannot maintain a minimal standard of living for himself and his dependents, based upon his current income and expenses, if he is required to repay the student loans; (2) that additional circumstances indicate that his inability to do so is likely to exist for a significant portion of the repayment period of the student loans; and (3) that he has made good faith efforts to repay the loans.

*In re Ekenasi*, 325 F.3d 541, 546 (4th Cir.2003) (citing *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir.1987) (per curiam)).[2]

2. The so-called *Brunner* test has been adopted by a number of other circuits. *See In re Brightful*, 267 F.3d 324 (3d Cir.2001); *In re Gerhardt*, 348 F.3d 89 (5th Cir.2003); *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773 (7th Cir.2002); *In re Saxman*, 325 F.3d 1168 (9th Cir.2003); *In re Cox*, 338 F.3d 1238 (11th Cir.2003).

The bankruptcy court found that Appellee had satisfied the first requirement of the "undue hardship" test but had failed the second and third requirements. On the first prong, the bankruptcy court determined that Appellee maintained a deficiency of $944 per month between her income and expenses; as a result, Appellee "could not maintain a minimal standard of living if forced to repay the USDE loans at the present time." Judgment Order (Paper 31) at 4. However, on the second prong, the bankruptcy court found that a change in circumstances was feasible and thus could enable Appellee to pay at least a portion of her debt to Appellant. The bankruptcy court noted that this finding "recognizes the substantial burden a debtor faces in seeking discharge of government guaranteed student loans." Judgment Order (Paper 31) at 7. Similarly, on the third prong, the bankruptcy court concluded that Appellee failed to show that she had made good faith efforts to repay her loans, namely because she had not applied for participation in the Income Contingent Repayment Plan (ICRP) offered by Appellant. See Judgment Order (Paper 31) at 10–11.[3]

The bankruptcy court dismissed Appellee's complaint without prejudice but also ordered a moratorium on Appellee's obligation to Appellant until April 1, 2005.[4] The moratorium would excuse Appellee from making any payments to Appellant and would preclude Appellant from accruing any interest on account of Appellee's obligation. See Judgment (Paper 30);

Judgment Order (Paper 31) at 11. That Appellee failed to satisfy the second and third requirements of the "undue hardship" test, the bankruptcy court concluded, "does not mean, however, that the Debtor is not entitled to some relief." Judgment Order (Paper 31) at 11. This court disagrees.

Congress has made clear in § 523(a)(8) that, absent proof of undue hardship, student loans are nondischargeable in bankruptcy "and, thus, pass unaffected through the bankruptcy estate for purposes of the debtor's liability." In re Kielisch, 258 F.3d 315, 320–21 (4th Cir. 2001). See also In re Ekenasi, 325 F.3d at 545; In re Banks, 299 F.3d 296, 300 (4th Cir.2002). Moreover, post-petition interest on the student loan continues to accrue during bankruptcy proceedings and, absent proof of undue hardship, "the debtor remains personally liable for the full amount of the student loan debt"—i.e., both the principal and interest. In re Kielisch, 258 F.3d at 321; see also In re Banks, 299 F.3d at 300 ("Post-petition interest on a nondischargeable debt also is nondischargeable"). The statutory language reinforces the legislative intent behind § 523(a)(8), by which Congress sought "to prevent indebted college or graduate students from filing for bankruptcy immediately upon graduation, thereby absolving themselves of the obligation to repay their student loans." In re Kielisch, 258 F.3d at 320 (internal quotation omitted).

---

3. Although not before the court because there was no cross-appeal on the issue, the court has reviewed the record and finds no clearly erroneous factual determinations nor any incorrect legal determinations by the bankruptcy court.

4. In dismissing Appellant's complaint without prejudice, the bankruptcy court noted that Appellant once again could seek discharge of

her student loans after the moratorium based on undue hardship. Aside from imposition of the moratorium, discussed infra, such dismissal is proper because "the Bankruptcy Code establishes a general rule that dismissal of a case is without prejudice." Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 937 (4th Cir.1997).

■ The bankruptcy court's imposition of the moratorium effectively functions as a partial discharge because it prevents Appellant from accruing any interest on Appellee's student loans; that is, during its period of operation, the moratorium would relieve Appellee of personal liability on the interest portion of her obligation. The failure of Appellee to prove undue hardship, as required by § 523(a)(8) for discharge of her student loans, precludes the creative relief, however laudable, fashioned here by the bankruptcy court.

■ Appellee argues that the bankruptcy court had authority to impose the moratorium as an equitable power pursuant to 11 U.S.C. § 105(a).[5] Although bankruptcy courts, as courts of equity, have broad authority to grant relief they deem appropriate, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). The plain language of § 523(a)(8) provides that discharge from a student loan, an otherwise nondischargeable debt, may be ordered only upon proof of undue hardship. To permit enforcement of any type of discharge, such as the novel relief crafted by the bankruptcy court in this case, in the absence of proven undue hard-

ship would chip away at § 523(a)(8); the collective force of such piecemeal exceptions ultimately would eviscerate the statute. Because Appellee failed to prove undue hardship within § 523(a)(8), as the bankruptcy court itself concluded, that court exceeded its equitable authority under § 105(a) in ordering the moratorium.[6]

## IV. Conclusion

For the foregoing reasons, the court will grant Appellant's motion to strike Appellee's cross-appeal and will reverse the bankruptcy court's moratorium order. A separate Order will follow.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 12th day of November, 2003, by the United States District Court for the District of Maryland ORDERED that:

1. The motion by Appellant United States Department of Education (USDE) to strike Debtor Appellee Shireen Blair's cross-appeal (Paper 13) BE, and the same hereby IS, GRANTED;

2. The JUDGMENT of the bankruptcy court, to the extent that it IMPOSED a moratorium on the obligation of Appellee Shireen Blair to Appellant BE, and the same hereby IS, REVERSED; and

---

5. Section 105(a) provides:
   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
   11 U.S.C. § 105.

6. At least two other circuits also have resolved the purported tension between

§ 523(a)(8) and § 105(a) in this manner. *See In re Cox*, 338 F.3d 1238, 1243 (11th Cir. 2003) ("Because the specific language of § 523(a)(8) does not allow for relief to a debtor who has failed to show 'undue hardship,' the statute cannot be overruled by the general principles of equity contained in § 105(a)"); *In re Saxman*, 325 F.3d 1168, 1175 (9th Cir. 2003) ("before the bankruptcy court can partially discharge student debt pursuant to § 105(a), it must first find that the portion being discharged satisfies the requirements under § 523(a)(8)").

3. The Clerk is directed to transmit copies of this Memorandum Opinion and this Order to Appellee Shireen Blair, to counsel for Appellant, and to the United States Bankruptcy Court, and CLOSE this case.