**In re: Karen Elizabeth SIMMS, Debtor.**

**Karen Elizabeth Simms, Plaintiff,**

**v.**

**USA Funds, c/o Pioneer Credit Recovery, Inc., Defendant.**

**Bankruptcy No. 02–64410–SD.**
**Adversary No. 03–5080–SD.**

United States Bankruptcy Court, D. Maryland.

July 14, 2005.

Karen Elizabeth Simms, Plaintiff, pro se.

Rand Gelber, Rockville, MD, for Defendant.

Zvi Guttman, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARK B. MCFEELEY, Bankruptcy Judge.

THIS MATTER is before the Court on remand of the Court's decision by the United States District Court for the Dis-

trict of Maryland, Northern Division for further proceedings consistent with the District Court's Memorandum Opinion and Order ("Memorandum"). The District Court vacated the judgment entered November 5, 2004 in favor of Defendant USA Funds, c/o Pioneer Credit Recovery, Inc., and against Plaintiff Karen Simms, *pro se*, finding the student loan debt non-dischargeable under 11 U.S.C. § 523(a)(8), but directing that no interest should accrue on the unpaid balance for a period of sixty (60) months beginning September 16, 2002, the date Plaintiff filed her voluntary petition under Chapter 7 of the Bankruptcy Code.

Based on the record from the trial held October 28, 2004, the Court finds that requiring Plaintiff Karen Simms (Simms) to repay her student loan with interest will not cause her an undue hardship under the standards enunciated in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir.1987), as adopted by the Fourth Circuit in *In re Ekenasi*, 325 F.3d 541, 546 (4th Cir.2003). Consequently, Simms is unable to discharge any portion of her student loans. The Court enters the following findings of fact and conclusions of law:

1. Ms. Simms is now 44 years old. She has an eleven year old daughter who lives with her.

2. Ms. Simms is not married. Since 1995 when she and her husband dissolved their marriage, she has not received any child support, though her former husband was required to pay child support. Ms. Simms last contacted child support enforcement services in 1996 in an attempt to recover child support. Since then she has written to her former husband's probation officer several times concerning past due child support. These attempts to recover child support from her former husband have not been successful.

3. As of the trial date, Ms. Simms was unemployed. Since 1996, she has been unable to hold a full-time job for more than six months at a time. More often than not, Ms. Simms has only been able to work part-time. Nevertheless, Ms. Simms has consistently been able to find employment.

4. Ms. Simms testified that she suffers from depression and chronic anxiety, and that this mental illness has prevented her from maintaining long-term full-time employment.

5. As of the trial date, Ms. Simms was receiving a monthly check from social security in the total amount of $1,119.00, which includes $724.00 for herself and $395.00 for her daughter. (*See* Defendant's Exhibit H).

6. Her monthly expenses are $795.00. (*See* Exhibit I—Income and Expenses reported for 2004).

7. Ms. Simms obtained a student loan from Union Trust Company of Maryland in July of 1981 in the original principal amount of $3000.00. (*See* Exhibit D). The promissory note evidencing the loan was assigned to United Student Aid Funds, Inc. ("USA Funds"), which then assigned its interest in the loan to Educational Credit Management Company ("ECMC"). ECMC was substituted as the Defendant in this adversary proceeding in place of USA Funds c/o Pioneer Credit Recovery, Inc. (*See* Order Granting Motion for Substitution of Party Defendant Due to Transfer of Interest; Docket # 13).

8. The student loan at issue is the type of federally insured student loan subject to 11 U.S.C. § 523(a)(8).

9. The balance due as reported in a letter to Ms. Simms dated February 19, 2004 was approximately $15,068.82, includ-

ing interest calculated at a rate of 8.25% per annum. (*See* Defendant's Exhibit F).

10. Ms. Simms received information Defendant sent her concerning the William D. Ford Direct Loan Repayment Program, including the Income Contingent Loan Repayment Plan[1], but testified that she did not have an opportunity to fully evaluate the program before the trial date.

11. Ms. Simms has made no payments on her student loan. She testified that she was not able to pay the student loan because she was barely able to pay for her living expenses and has poor credit.

12. Federally insured student loans are not dischargeable in bankruptcy "unless excepting such debt from discharge would impose an undue hardship on the debtor and the debtor's dependants." 11 U.S.C. § 523(a)(8).

 13. The debtor bears the burden of proving the existence of an undue hardship by a preponderance of evidence. *See In re Blair*, 301 B.R. 181, 184 (D.Md.2003) ("The debtor has the burden of proving the existence of undue hardship by a preponderance of evidence.") (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of evidence standard)).

14. Because "undue hardship" is not defined in the bankruptcy code, courts have developed various tests to determine whether excepting a student loan from discharge constitutes an undue hardship. *See Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 303–305 (3rd Cir.1995), *cert. denied*, 518 U.S. 1009, 116 S.Ct. 2532, 135 L.Ed.2d 1055 (1996) (discussing the various tests).

The Fourth Circuit has adopted the test enunciated in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir.1987). *In re Ekenasi*, 325 F.3d 541, 546 (4th Cir.2003) (adopting *Brunner* test for determining undue hardship).

 14. Under *Brunner*, the debtor bears the burden of proving the following three elements:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.

15. Failure to meet any one of the three prongs of the *Brunner* test results in a determination that the loans are not dischargeable. *See In re Nys*, 308 B.R. 436, 442 (9th Cir. BAP 2004) (stating that "[f]ailure to prove any of the three prongs will defeat a debtor's case."); *In re Roberson*, 999 F.2d 1132, 1135 (7th Cir.1993) (noting that the first prong of *Brunner* is a threshold inquiry, and only when the debtor has satisfied the first prong should the court go on to consider the remaining two prongs).

 16. Ms. Simms failed to satisfy the second and third prongs of the *Brunner* test. Under the second prong of *Brunner*, Plaintiff must show that "additional circumstances" exist to suggest that

---

1. Under the William D. Ford Income Contingent Repayment Plan, the amount of the monthly payment is based on the debtor's current income. Depending upon the debtor's income level, it is possible that monthly payments due under the Income Contingent Repayment Plan would be zero. (*See* Defendant's Exhibit F—describing the various repayment plans available under the William D. Ford Direct Loan repayment program).

the present state of financial distress is likely to continue through a significant portion of the repayment period. *Brunner*, 831 F.2d at 396. There is insufficient evidence that Ms. Simms' present state of unemployment will persist well into the repayment period so that she will be unable to make any payments toward her student loan. She testified that she suffers from depression and chronic anxiety, but there is insufficient evidence that this condition will persist indefinitely, or that this condition will likely prevent her from obtaining employment well into the future. She is far from retirement age. Based on her past ability to obtain employment and the insufficient evidence that she will be unable to overcome her present condition, the Court cannot conclude that she has met the second prong of the *Brunner* test.

17. Ms. Simms has also failed to show that she has made good faith efforts to repay her student loan. Although she is presently unemployed, she has consistently been able to find employment. Her historical income and expenses during periods for which she held employment reflect that she has had sufficient net income remaining to make meaningful payments toward the outstanding balance of her student loans. Exhibit I shows net disposable monthly income of $634.00 for the year 2003, and net disposable monthly income of $328.00 for the year 2002. Despite this available net income, Ms. Simms has made no payments on her student loan. Nor did she give much, if any, consideration to the William D. Ford Direct Loan Repayment Program. While failure to participate in one of the William D. Ford repayment programs is not *per se* evidence of a lack of good faith under the third-prong of *Brunner*, whether a debtor has taken advantage of repayment options is relevant to this inquiry. *See In re Johnson*, 299 B.R. 676, 682 (Bankr.M.D.Ga.2003) (noting that a debtor's failure to participate in one of the William D. Ford repayment programs "does not conclusively prove bad faith"); *United States Dept. of Educ. v. Wallace (In re Wallace)*, 259 B.R. 170, 184 (C.D.Cal.2000) ("A debtor's good faith can be measured by evaluating how he responded to repayment opportunities that were presented to him.").

18. Under *In re Cox*, 338 F.3d 1238 (11th Cir.2003) and *In re Alderete*, 412 F.3d 1200 (10th Cir.2005), a bankruptcy court is unable to use its equitable powers under 11 U.S.C. § 105(a) to grant a partial discharge of a student loan unless the debtor has made a showing of undue hardship under all three prongs of *Brunner*. *Cox*, 338 F.3d at 1243 ("Because the specific language of § 523(a)(8) does not allow for relief to a debtor who has failed to show 'undue hardship,' the statute cannot be overruled by the general principles of equity contained in § 105(a)."); *Alderete*, 412 F.3d at 1206–07 ("a bankruptcy court cannot exercise its § 105(a) powers to grant a partial discharge of student loans unless § 523(a)(8) has been satisfied.").

19. Having found that no undue hardship exists under the *Brunner* test, the Court is unable to grant a partial discharge by excusing the interest accruing on the unpaid balance of the student loan.

Based on the foregoing findings of fact and conclusions of law entered in accordance with Rule 7052, Fed.R.Bankr.P., no portion of the student loan at issue is dischargeable through Ms. Simms' bankruptcy proceeding. An appropriate judgment will be entered.

### JUDGMENT

IN ACCORDANCE with the Court's Findings of Fact and Conclusions of Law entered herewith following remand by the United States District Court for the Dis-

trict of Maryland, Northern Division, judgment is entered in favor of Defendant and against Plaintiff Karen Elizabeth Simms. The student loan debt at issue in this adversary proceeding is not dischargeable in Plaintiff's bankruptcy proceeding under 11 U.S.C. § 523(a)(8).