**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

DONALD E. ARMSTRONG,

      Debtor.

DONALD E. ARMSTRONG,

      Appellant,

v.

KENNETH A. RUSHTON, Trustee;
STEPPES APARTMENTS, LTD.;
STEVEN R. BAILEY, Trustee;
UNITED STATES TRUSTEE,

      Appellees.

No. 02-4101
(BAP No. UT-02-011)
(BAP)

**ORDER AND JUDGMENT**  *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this appeal, debtor-appellant Donald E. Armstrong appeals an order of the Bankruptcy Appellate Panel (BAP) dismissing his appeal from an order of the bankruptcy court that confirmed a reorganization plan in Armstrong's Chapter 11 case. We dismiss this appeal.

As the BAP noted, Fed. R. Bankr. P. 8002(a) requires an appellant to file a notice of appeal within ten days of the entry of the order appealed from. The bankruptcy court order confirming the plan was entered on January 31, 2002; Armstrong's notice of appeal, however, was not filed until February 12, 2002, one day after the filing deadline. The bankruptcy court was open and accessible on Monday, February 11, 2002.

After the time for appeal had lapsed, Armstrong attempted to get an extension of time to appeal under Rule 8002(c) from the bankruptcy court, but his request was denied. In the absence of an extension of time to file the notice of appeal, the untimely notice did not confer jurisdiction on the BAP to adjudicate the matter. *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992). The BAP properly dismissed the appeal for lack of jurisdiction as do we.

Armstrong has filed supplemental authority in the form of two decisions from the BAP holding that certain sanctions imposed by the bankruptcy court for criminal contempt exceeded that court's jurisdiction. Those decisions have no relevance in this appeal and do not undermine the general jurisdiction of the bankruptcy court over the Armstrong bankruptcy matters.

Because this court finds Armstrong's allegation of poverty to be untrue, his motion to proceed on appeal without prepayment of costs or fees is DENIED, and Armstrong is directed to make immediate payment of the balance of his appellate filing fee. Armstrong's motion to file a supplemental appendix and to include the pleadings and appendix from appeal No. 02-4106 is DENIED. Appellee Rushton's motion to strike Armstrong's opening brief and dismiss the appeal because the brief does not comply with this circuit's rules is DENIED.

This appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-