**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM EMIL SAMLAND, III,

      Plaintiff - Appellant,

v.

JANE DOE; JOHN DOE #1; JOHN
DOE #2; U.S. CUSTOMS AND
BORDER PROTECTION,

      Defendants - Appellees.

No. 13-2205
(D.C. No. 2:13-CV-00648-KG-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

      William Emil Samland, III, appearing pro se, seeks to appeal the district

court's dismissal of his *Bivens* claims, 403 U.S. 388 (1971), stemming from an

encounter with certain unknown U.S. Customs and Border Protection agents at a

permanent border checkpoint. Samland v. Doe, No. 13-cv-0648-KG-CEG

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

(D.N.M. Oct. 22, 2013).  We dismiss the appeal because it is untimely.

On October 22, 2013, the district court adopted the magistrate's Proposed Findings and Recommended Disposition and denied Mr. Samland's motion to proceed in forma pauperis (IFP), denied his objections to the magistrate's report, and dismissed his complaint without prejudice.  Id. at 3.  Pursuant to Fed. R. App. P. 4(a)(1)(A), Mr. Samland had thirty days to file a notice of appeal as to the judgment—until November 21, 2013.  His notice of appeal was filed one day late, on November 22, 2013.  R. 31.[1]  Also on November 22, Mr. Samland filed a motion for reconsideration,  R. 36, which was denied on December 2, 2013, R. 22.  On December 27, 2013, Mr. Samland filed a motion for leave to proceed IFP on appeal.

While Mr. Samland's IFP motion fell within the thirty-day window for appealing the denial of his motion for reconsideration, we decline to construe is as the equivalent of a notice of appeal.  See Fleming v. Evans, 481 F.3d 1249, 1253-54 (10th Cir. 2007).  A document timely filed according to Fed. R. App. P. 4 may serve as notice of appeal if it gives the notice required by Fed. R. App. P. 3.  Smith v. Barry, 502 U.S. 244, 248-49 (1992).  Rule 3 requires that the

---

[1]  Although Mr. Samland's notice of appeal was mailed on November 19, 2013, a notice of appeal is ordinarily filed when received by the clerk of court, not when it is mailed. Fed. R. App. P. 25(a)(2)(A) ("Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing."); In re Herwit, 970 F.2d 709, 710 n.2 (10th Cir. 1992).

purported notice identify the judgment or order appealed from. Fed. R. App. P. 3(c)(1)(B). Mr. Samland's IFP motion does not specify whether he sought to appeal the dismissal of his complaint or the denial of his motion for reconsideration. And while we may excuse such an omission if the intent of the appellant is clear, Fleming, 481 F.3d at 1253-54, Mr. Samland's intent is unclear. In his IFP motion, Mr. Samland identified his issues on appeal as those he raised in his complaint—that he was illegally seized during a border checkpoint search and was entitled to certain information under the Freedom of Information Act, 5 U.S.C. § 552. R. 11; R. 77-90. If any intent can be gleaned from this, it is that Mr. Samland sought to appeal the dismissal rather than the denial of reconsideration, since his motion for reconsideration focused solely on the application of United States v. Ramirez, 172 F.3d 880 (10th Cir. 1999) (unpublished). R. 36-38.

Because we will not treat Mr. Samland's IFP motion as a notice of appeal, the appeal is untimely, and we lack jurisdiction to hear it. Bowles v. Russell, 551 U.S. 205, 214 (2007).

We GRANT IFP status and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 3 -